James, J.
On the argument of this demurrer the defendants’ counsel insisted that the publication set forth in the complaint had no injurious or defamatory meaning, and urged the following as the grounds why the complaint was insufficient and defective.
1. The extrinsic fact, by means of which the plaintiff seeks to show the words libelous, viz.: that Elizabeth Ehle was a public prostitute — should be distinctly and independently averred in the complaint, so that the defendants can traverse the allegation.
2. The complaint should have averred that the extrinsic fact relied on was known to the defendants at the time of the publication.
*195 3. The complaint should have averred special damage.
I. That the publication, on its face, bore no injurious or defamatory meaning, will not be disputed; and it is a well settled rule in pleading in actions of this character, that when the words used by the defendant do not, of themselves, convey the meaning which the plaintiff would attribute to them, and such meaning results only from some extrinsic matter or fact, such extrinsic matter or fact must be alleged in the complaint, and proved <on the trial. It was, therefore, necessary for the plaintiff in this case, distinctly to aver the extrinsic fact upon which he relied, to make the publication libelous.
It is insisted that this has not been done, and that the extrinsic matter is only suggested by way of inuendo. If the defendants are right in this, then the complaint is defective, because it is not enough to allege by way of inuendo, distinct and independent averments in aid of the charge, and to rely upon such inuendo to authorize the jury to determine the character of the charge. An inuendo does not enlarge the matter set forth in the other portions of the complaint; it is only explanatory of the matter already charged, and does not extend the sense of the words beyond their natural import, unless accompanied by a distinct averment or colloquium, or other introductory allegation to which it may properly have reference. (1 Saund. 243, n. 4.) The rule in this case has not been changed by the Code. Section 164 only dispenses with the allegation of extrinsic facts showing the application of the words to the plaintiff. When a publication can be determined as libelous only by reference to extrinsic facts, the existence of such facts must now, as formerly, be averred in the complaint. (Pike vs. Van Wormer, 5 How. Pr. R., 171; 6 Ib. 99; Fry vs. Bennett, 5 Sand., 54). The only portion of the complaint in this action which suggests any extrinsic matter or fact, calculated to render the publication objectionable, is that which states that the defendants published “ the libelous matter following of and concerning the said plaintiff,” that is to say, “ Married, Joseph W. Caldwell,” (said plaintiff meaning), “ to Miss Elizabeth Ehle, late of New York,” (meaning a public prostitute known by that name), that said Elizabeth Ehle is and was a public prostitute, and well known to be so, thereby *196 intending to charge that said plaintiff has been guilty of marrying a prostitute ?” The pleader may have intended the last sentence as an averment of the extrinsic fact, but it cannot be so treated. To give it the character of a distinct averment it would be necessary to supply the words, “ And the said plaintiff further avers.” In that case it would not make sense, and besides the averment of the extrinsic fact would follow the inuendo, while the rule of pleading is uniform that such aver-ments must precede the inuendo. To make the passage bear any connected sense whatever the whole must be treated as an inuendo, and read thus: “Married, Joseph W. Caldwell (said plaintiff meaning), to Miss Elizabeth Ehle, late of New York, (meaning a public prostitute known by that name, and that said Elizabeth Ehle is and was a public prostitute, and well known to be so, thereby intending to charge that said plaintiff had been guilty of marrying a prostitute).” There being no distinct averment of the extrinsic fact from which it is sought to make the publication libelous, the complaint is defective and the demurrer well taken.
II. The second point is, “ that the complaint should have averred that the extrinsic fact relied on was known to the defendants at the time of the publication.” It contains no such averment. I have heretofore said that this publication, of itself, contains no injurious meaning towards the plaintiff. Marriage is lawful, and the law does not imply that parties to such contracts are persons of bad character, and no presumption of constructive malice, or malice in law, can arise from the bare publication of such a marriage notice. Presumption of malice can only arise when the publication, on its face, is capable of conveying an injurious meaning, or producing an injurious effect. Every man is presumed to foresee and intend all the mischievous consequences that may justly be expected to flow from his voluntary acts.
The cases of constructive malice are exclusively such as involve words capable of bearing in themselves a libelous meaning. The law in such cases reasonably presumes that the defendant meant to say exactly what he did say. But the law presumes no more than this; and when a hidden defamatory meaning is sought to be attributed to words in themselves *197 innocent, and on their face containing no such sense, by extrinsic facts outside and independent of the publication itself, the knowledge of such facts must be shown by averment and proof to have existed in the breast of the defendant at the time of publication. This principle is substantially held in Smith vs. Ashley, (11 Metc. 367), and Dexter vs. Spear, (4 Mas., 115). A publisher may be liable for the publication of an article clearly libelous, which was inserted in his paper without his knowledge or consent; but not when he is not shown and cannot be presumed to have known that the article was intended to bear an injurious meaning. It is true that it is averred that the defendants published the words “ falsely and maliciously,” but that is not sufficient when the extrinsic fact relied on to make the publication libelous is independent of the words published ; in such cases the pleader should bring home to the defendant a knowledge of that fact.
III. The defendants’ third point is, that the plaintiff should have averred special damage. This he has not done. The law in this State is now well settled, that when the court can discern an injurious meaning in the plain and natural purport of the publication itself, some damage is to be presumed ; but when the words are not, in their natural and obvious construction, injurious, the plaintiff must aver and prove special damage. It was so held in Cooper vs. Stone, (2 Den. 299), and followed in Bennett vs. Williamson, (4 Sand., 60). In the former case, the Chancellor, in delivering the opinion of the court, said : “ To sustain a private action for the recovery of a compensation in damages for a false and unauthorized publication, the plaintiff in such action must either aver and prove that he has sustained some special damage from the publication of the matter charged against him, or the nature of the charge itself must be such, that the court can legally presume he has been degraded in the estimation of his acquaintances, or of the public, or has suffered some loss, either in his property, character or business, or in his domestic or social relations, in consequence of the publication of such charge.” There is nothing in the nature of the publication set forth in this complaint, from which the court can legally presume that any of *198 the consequences above set forth would flow. Special damage should have been averred.
Judgment for the defendants on demurrer, with leave to plaintiffs to amend,* on payment of costs.

 No amendment was made by plaintiff.