JEROME B. LEGG, Appellant, *v.* A. C. DUNLEVY ET AL., Respondents.

June 14, 1881.

1. In an action for libel, where the words complained of are not actionable *per se*, the petition must contain statements of extrinsic matter showing that they are actionable.

2. A petition which alleges that the plaintiff is an architect and superintendent, and that the defendant published of him that he had been paid to procure for a certain mechanic the contract for the copper work on a building of which he was superintending architect, states no cause of action.

3. An allegation of special damage will not avail where no cause of action is stated.

4. The doctrine that a defective petition is aided by verdict, has no application where the verdict is for the defendant.

APPEAL from the St. Louis Circuit Court, LINDLEY, J.
*Affirmed.*

TAYLOR and POLLARD, for the appellant: A publication affecting one in his office or trade, if false, is libellous *per se*, and special damages need not be alleged or proved. — *Pollard* v. *Lyon*, 91 U. S. 225; *Butler* v. *Homes*, 7 Cal. 87; *Weiss* v. *Whitleman*, 28 Mich. 366; *White* v. *Nichols*, 3 How. (U. S.) 285. Libelling a man in his profession is actionable *per se*, and this implies malice. — *Wilson* v. *Fritch*, 41 Cal. 363; *Wilson* v. *Noonan*, 35 Wis. 321.

T. A. & H. M. POST and C. F. MOULTON, for the respondents: " When the slanderous words in the petition are actionable of themselves, it is not necessary to make any prefatory averment as to the circumstances to which they refer; but if the words do not *per se* convey the meaning which plaintiff would assign to them, the petition must contain a statement of the extrinsic matter necessary to show that they are actionable." — *McManus* v. *Jackson*, 28 Mo. 58; *Bundy* v. *Hart*, 46 Mo. 164; *Stewart* v. *Wilson*, 23 Minn. 449; *Caldwell* v. *Raymond*, 2 Abb. Pr. 195; *Curry* v. *Collins*, 37 Mo. 329; *Mosely* v. *Moss*, 6 Gratt. 538.

Bakewell, J., delivered the opinion of the court.

This is an action for libel. The verdict and judgment were for defendant.

The petition alleges that plaintiff on August 6, 1879, and for several years prior thereto, had been, and still is, an architect and superintendent, carrying on business in St. Louis; that he had always demeaned himself honestly in his business, and never been guilty of any misconduct in his capacity of architect and superintendent, and had acquired a large and lucrative business in his profession, and enjoyed the confidence of the best citizens, and would still enjoy the same but for the grievances hereinafter recited; that on August 8, 1879, defendants, at St. Louis, published and caused to be exhibited concerning plaintiff, the following words, of and concerning plaintiff in his profession of architect and superintendent. Then follows an affidavit, dated August 6, 1879, of defendant A. C. Dunlevy, taken before a notary, in which the deponent states that, in June, 1872, he was a member of the firm of John E. Oxley & Co., in St. Louis, which firm, at that date, made a proposition to do the galvanized iron, tin, and copper work on a public school building in course of erection at Litchfield, Illinois, of which building J. B. Legg, of St. Louis, was the supervising architect; that Legg promised J. E. Oxley, the other member of the firm of Oxley & Co., to give that firm the contract for this tin and copper work, provided the firm would pay Legg, as commissions, $200; that Oxley agreed with Legg to do so, and that the sum of $200 was paid by affiant to Legg in pursuance of this agreement; the last payment of $100, being made by affiant to Legg on June 9, 1872. The petition then alleges that defendants meant thereby to impress the public with the belief that plaintiff was wholly unworthy of confidence and trust in said capacity and profession of architect and superintendent, and said publication was so understood to imply by those to whom the same was exhibited; that said publication was false and malicious, and by means thereof plaintiff

is greatly injured, prejudiced in his reputation, and has also been deprived of great gain and profit, which would otherwise have accrued to him in his business of architect and superintendent. Damages are laid at $50,000.

The answer is, first, a general denial, and, then, justification, on the ground that the matters contained in the affidavit are true, and that the publication was privileged.

The cause was tried by a jury, who found for defendant.

The petition does not seem to set forth facts sufficient to constitute a cause of action. If this view is correct, it is needless to examine any other question which may be raised by the record. If the petition would be bad upon demurrer, as not stating constitutive facts, the judgment ought not to be disturbed. It is immaterial to inquire whether a cause of action is implicitly stated so that it might support a verdict. The doctrine of aider by verdict can have no application where, as in this case, there is no verdict in aid of the petition.

It is not every false charge against an individual, though written down and published to the world, that will sustain an action for libel. We think it too plain for argument that the affidavit set out in the petition contains no statement that is libellous *per se*.

Nor does the petition contain any statement of extrinsic matter from which it is made to appear that the words are actionable. But this is necessary when the words are not actionable of themselves. *McManus* v. *Jackson*, 28 Mo. 58.

It is stated that plaintiff is an architect and superintendent of buildings. But nothing is said as to the duties of a supervising architect from which it is made to appear that a proposition from the supervising architect of a building to a mechanic, to procure for him, for a consideration to be paid to the architect, a contract from the owner to do a certain portion of the work on the building, is any violation of the duty which the nature and character of his work im-

poses upon the architect. It may be that the supervising architect of a building is bound to protect the interests of the owner of the building by seeing to the quality of the work and material put in the building, and to the cost. It may be that these duties devolve upon a contractor or upon the owner himself, and that the architect has no duty beyond making the plans and directing the work according to the plans, and that, as to the prices to be paid, and the quality of the work, he stands to the owner as any outside person. Nothing is said as to the duties of an architect in the petition. The nature of the charge of receiving compensation for procuring a contract to do the copper work upon this house, is not such that the court can legally presume that plaintiff has been degraded in the eyes of his fellow-architects, of his acquaintances, or of the public, or that he would naturally and probably suffer in his property, character, or business, in consequence of the publication of this charge. If this is a libel of plaintiff in his business, it is so on account of some extrinsic fact, some special duty to the owners of this building which, from the general nature of the duties of a superintending architect, or from some special circumstance in this case, was enforced upon plaintiff, but the petition contains no such allegation. As, then, the words written, even though written of plaintiff in his business or professional capacity, do not, on their face, bear an injurious meaning, and such meaning can result only from some extrinsic fact; this fact, according to the settled rule of pleading, should have been alleged in the complaint. *Caldwell* v. *Raymond*, 2 Abb. Pr. 193.

It is true that plaintiff alleges special damage, and though it was formerly not so held (*Linden* v. *Graham*, 1 Duer, 671), it is now said that a general allegation of loss of business may be a sufficient averment of special damage. *Weiss* v. *Whittemore*, 28 Mich. 366. But, if the nature of the present action is an action for special damages actually sustained, it is for damages sustained in consequence of words.

uttered by defendants ; and defendants cannot be held liable for a special damage sustained in consequence of what they have written or published, unless such damage is the natural. and probable consequence of those words and of that publication. The special damage will not help plaintiff, if the words are not defamatory. *Young* v. *Macrae*, 3 Best & S. 264.

For these reasons, we think the judgment should be affirmed. Judgment affirmed. All the judges concur.