ADA O. VAN HEUSEN, Respondent, *v.* DE MERCY ARGENTEAU, Appellant.

**Libel — pleading — extrinsic facts — innuendoes.**

When an article is not libelous on its face, but becomes so only by reference to extrinsic facts, such facts must be alleged in a traversable form, for they relate to the substance and not to the application of the charge. To such an averment the statute, which changed the rules of pleading in actions for defamation, has no application, nor can the innuendoes supply the defect of a pleading in this respect.

*Van Heusen* v. *Argenteau,* 124 App. Div. 7˜3, reversed.

(Argued January 5, 1909; decided February 9, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 13, 1908, which affirmed an interlocutory judgment of Special Term overruling a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*William H. Ford* and *Robert Avery* for appellant. The complaint fails to state facts sufficient to constitute a cause of action, without an allegation of special damage, unless the publication complained of is libelous *per se.* (*King* v. *S. P. & P. Co.*, 84 App. Div. 310; *Langdon* v. *Shearer*, 43 App. Div. 607; *Erwin* v. *Dezell*, 64 Hun, 391.) The publication is not libelous *per se.* (*La Massena* v. *Storm*, 62 App. Div. 150; *Langdon* v. *Shearer*, 43 App. Div. 607; *Jockin* v. *Brassler*, 114 App. Div. 177; *Moore* v. *Francis*, 121 N. Y. 110; *Fleischmann* v. *Bennett*, 87 N. Y. 231; *Morse* v. *Press Pub. Co.*, 49 App. Div. 375; *Reporters' Association* v. *S. P. & P. Assn.*, 186 N. Y. 437; *Corr* v. *S. P. & P. Assn.*, 177 N. Y. 131; *Hauptner* v. *White*, 81 App. Div. 153; *Weston* v. *C. A. Assn.*, 184 N. Y. 479; *Nunnally* v. *Tribune Assn.*, 111 App. Div. 485; 186 N. Y. 533.)

*John J. Healey, Jr.*, and *Henry M. Ward* for respondent. Defendant, by demurring, has admitted that the matter complained of is false; that it was maliciously published, and that the plaintiff is the person referred to in the libel. (*Corr* v. *S. P. & P. Assn.*, 177 N. Y. 136; *Nunnally* v. *Tribune Assn.*, 111 App. Div. 485.) The matter complained of is libelous *per se.* (Odgers on Libel [3d ed.], 3, 18; *Morrison* v. *Smith*, 177 N. Y. 366; *More* v. *Bennett*, 48 N. Y. 472; *Morey* v. *M. J. Assn.*, 123 N. Y. 207; *Gates* v. *N. Y. R. Co.*, 155 N. Y. 228; *Triggs* v. *S. P. & P. Assn.*, 179 N. Y. 144; *Sanderson* v. *Caldwell*, 45 N. Y. 398; *Gibson* v. *S. P. & P. Assn.*, 71 App. Div. 566; *Gallagher* v. *Bryant*, 44 App. Div. 527; *Patch* v. *Tribune Assn.*, 38 Hun, 368.)

CULLEN, Ch. J.   The action is for a libel contained in a letter written to a New York journal and published therein, which libel with the innuendoes is set forth in the complaint, as follows:

"*Editor of Field and Fancy :*

"The brief note under the heading 'Dyed Dogs and Doped Judges' on May 4 signed 'Anon,' while in one sense satisfactory, in this way, that it does me the justice to show that I had no knowledge of by whom or how my dog Chin Chino was dyed, it is now, however, as it seems to me, a question for the N. E. K. C. to answer, Who dyed the dog? a question that can be answered by ascertaining who (meaning thereby this plaintiff) had interest in having the dog dyed and disqualified (meaning thereby that this plaintiff had an interest in having this dog dyed and disqualified).   Has or is there any one who would profit by the disqualification of the dog Chin Chino? (meaning thereby that this plaintiff would profit and has profited by the disqualification of the dog Chin Chino). If so, whom? (meaning thereby this plaintiff).   Who was it that discovered on the last day of the show, and three days after the judging of the Chow classes, that there was dye on the coat of the dog? (meaning thereby that this plaintiff, her servants or agents, discovered that there was dye on coat of the dog).   And had the person (meaning thereby this plaintiff, or her agents or servants) who made this discovery an opportunity to put the dye on the dog? (meaning thereby that this plaintiff or agents or servants had such an opportunity and also meaning thereby that this plaintiff, her agents or servants, put dye on the dog).   And was the dog's disqualification in any way to the benefit of the person? (meaning thereby that the disqualification of the dog was beneficial to this plaintiff).   A crime was committed (meaning thereby that this plaintiff committed a crime or procured her servants or agents to commit a crime).   The motive is plain (meaning thereby that this plaintiff was benefited by having the dog dyed, and had a motive for dyeing the dog and did dye the dog, or caused the dog to be dyed).   Who was it

that had such a motive? (meaning thereby that this plaintiff had such a motive and dyed said dog, or caused it to be dyed, and committed a crime, or procured the commission of a crime)."

"DE MERCY ARGENTEAU

"Princesse de Montgylon.

"TAPPAN, N. Y., *May* 8, 1907."

To this complaint the defendant demurred and the demurrer was overruled at the Special Term. By a divided court the Appellate Division affirmed that decision and thereafter permitted an appeal to this court, certifying the question: "Does the complaint set forth facts sufficient to constitute a cause of action."

If the letter is libelous on its face, then, under the Code of Civil Procedure, it was sufficient for the plaintiff in her declaration to allege that it was published of and concerning her (§ 535). Should this allegation be put in issue, then she would be bound to prove the extrinsic facts showing the application of the libel to her, but she was not bound to allege such facts in her pleading. If, however, the publication was not libelous on its face, but libelous only by reason of extrinsic facts and circumstances, then it was necessary to allege such facts in her complaint, for the statutory provision cited in no way has relieved the plaintiff from the obligation that rested on her in this respect under the common-law rules of pleading. This was so held in *Fry* v. *Bennett* (5 Sand. 54, 66), and the general principle is admirably stated by Judge VANN in *Corr* v. *Sun Printing & Publishing Assn.* (177 N. Y. 131, 136): "When an article is not libelous on its face, but becomes so only by reference to extrinsic facts, such facts must be alleged in a traversable form, for they relate to the substance and not to the application of the charge. To such an averment the statute, which changed the rules of pleading in actions for defamation, has no application." Nor can the innuendoes supply the defect of a pleading in this respect, for "An innuendo does not enlarge the matter set forth specially in other portions of the complaint. It only explains the appli-

cation of the words employed, (and) when not justified by the antecedent facts to which it refers, so that rejecting it the words are not actionable, a demurrer will lie." (*Fleischman* v. *Bennett*, 87 N. Y. 231, 238. See *Caldwell* v. *Raymond*, 2 Abb. Pr. 193; *Blaisdell* v. *Raymond*, 4 id. 446, 458, and *Fry* v. *Bennett, supra*.) In my judgment the article does not on its face libel any individual. It begins by asserting that it is " a question for the N. E. K. C. to answer" by whom or how the writer's dog was dyed. There is no statement of what these initials stand for, whether individual, association or corporation. It then states that the question can be answered by ascertaining who had an interest in having the dog dyed and disqualified, and asks who was it that discovered on the last day of the show that the dog was dyed, and had the person who made the discovery an opportunity to put dye on the dog. It concludes with the statement that " A crime was committed. The motive is plain. Who was it that had such a motive ? "

I do not believe that putting dye on a dog necessarily involves any moral delinquency whatever. Some men and some women dye their hair. It may exhibit bad taste, but the act subjects a party to neither moral condemnation, ridicule nor contempt. Passing this point and assuming the letter states that a dog was dyed wrongfully, it does not charge the act upon any one. It does suggest or assert how the perpetrator of the act may be discovered, to wit, by seeing who had a motive for the commission of the act and who had an opportunity to commit it. This very doctrine is asserted daily and commonly believed by the community. In prosecutions in the courts proof of motive and opportunity, though not conclusive nor alone sufficient to establish guilt, is always competent evidence and the court must charge the jury that such proof is to be considered by it. The learned judge who wrote for the majority of the Appellate Division has said : " At the trial the plaintiff may be able to prove that the article was published of and concerning her ; that she had a dog at the show in the same class with the dog Chin Chino

and was the only other person who did have a dog in that class; that she was the person who discovered on the last day of the show that there was dye on the coat of the dog Chin Chino and that she had an opportunity to put this dye on; and the disqualification of that dog was to her advantage because it enabled her dog to take the prize. If such proof be offered, can there be any question but that it would be admissible under the complaint, and if admitted and not contradicted, would it not justify the jury in finding defendant liable?" That such proof might uphold a verdict in the plaintiff's favor may be conceded. But whether it could be admitted under the allegations of the complaint is a very different question. Doubtless, so far as the suggested proof relates to the identity of the plaintiff it would be competent, but in every other respect it would be incompetent under the pleadings unless amended. If at an exhibition of dogs where parties enter their respective animals and compete for prizes, a person in order to secure an award of the prize for himself should do something to the competing dogs which would exclude them from the chance of receiving the award it would be dishonorable, and to impute to a person the commission of such an act would be libelous. The difficulty here is that there is no allegation in the complaint that there was any exhibition or competition of the kind suggested, nor that either defendant's dog nor the plaintiff's were entered therein. The courts cannot take judicial notice of the meaning of the initials " N. E. K. C." nor if those initials stand for the name of some association, what are its objects and what business it conducts. There is in the letter a reference to a "show" and from the fact that a dog seems to have been the cause of this controversy we may imagine that the show was a dog show, but are we to take notice of how dog shows are conducted, that competition between entries is had at such exhibitions and that prizes are awarded? These are all extrinsic matters that should have been alleged in the complaint. An illustration may serve to make my meaning clear. If a murder were committed to which there were no

eye witnesses, surely a person or a newspaper might write that the way to discover the perpetrator of the crime would be to find who had a motive for its commission and who had an opportunity to commit it, without being subject to a suit for, libel by any one. The statement of itself would not reflect upon any particular individual. But there might be a situation at the time of the publication which would tend to establish that by the statement, apparently on its face a general one, it was in fact intended to impute the commission of the crime to some individual. In such case an action for libel would lie, but the extrinsic facts and circumstances which made the statement libelous on individuals would be a necessary part of the cause of action to be alleged in the complaint, as well as proved upon the trial.

The order of the Appellate Division and interlocutory judgment of Special Term must be reversed and judgment ordered for the defendant on the demurrer, with costs in all courts, with leave to serve an amended complaint within twenty days upon payment of costs, and the question certified answered in the negative.

VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur ; EDWARD T. BARTLETT, J., dissents on the ground that the complaint alleges the defendant maliciously composed and published of and concerning the plaintiff the false and defamatory matter set forth. The demurrer admits that the plaintiff so charges. This is sufficient to compel defendant to answer.

Order reversed, etc.