WALTER B. TOWER, Respondent, *v.* EDMUND CROSBY, Appellant.

Fourth Department, November 11, 1925.

**Libel and slander — not libelous per se to state that offer of secretaryship of chamber of commerce was not made plaintiff — special damages must be alleged — general allegation that plaintiff lost confidence and trust of members of chamber of commerce and that he lost business is not sufficient allegation of special damage.**

It was not libelous *per se* for the defendant to write in reference to the plaintiff that he had not been offered the secretaryship of the chamber of commerce at a salary mentioned, for such statement did not expose the plaintiff to public hatred, contempt, scorn or ridicule, nor did it tend to disgrace or degrade him, and, therefore, it was essential for the plaintiff to allege special damage.

A general allegation that by reason of the false and malicious statements made by the defendant, the plaintiff lost the trust and confidence of the members of the chamber of commerce where he was employed, and that his business was affected, does not constitute a sufficient allegation of special damage.

DAVIS, J., dissents in memorandum.

APPEAL by the defendant, Edmund Crosby, from an order of the Supreme Court, made at the Wayne Special Term and entered in the office of the clerk of the county of Yates on the 10th day of August, 1925, denying defendant's motion made after answer to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The opinion of the Special Term is reported in 125 Misc. 403.

*A. J. & F. A. Parker,* for the appellant.

*Huson & Hyland,* for the respondent.

SEARS, J.:

The sole question upon this appeal is the sufficiency of the complaint. The action is for libel. The complaint alleges the publication of a letter containing the following language relating to the plaintiff:

" In reply to your letter of inquiry relative to filling the local Chamber of Commerce Secretaryship, I sought information from one of the Board of Directors who was a member at the time of the election of the new Secretary and who still is a member of the Board.

" When I asked him if an offer was made to the Penn Yan Secretary of $6,000 and later $7,500, his answer was no. Mr. Tower was one of the applicants under consideration, but when he demanded $6,000 they dropped him out of consideration. This Director's reply was that it is all the local Chamber can finance to pay a man $3,500, which I believe is the amount paid the present Secretary."

These sentences do not charge the commission of a crime; do not expose the plaintiff to public hatred, contempt, scorn, aversion or ridicule; do not tend to disgrace or degrade, or to induce in others an evil opinion of him. They are not libelous *per se.* (*O'Connell* v. *Press Publishing Co.,* 214 N. Y. 352; *Crashley* v. *Press Publishing Co.,* 179 id. 27.) The published words are only libelous, if at all, because of other alleged extraneous facts. Under such circumstances, it is essential that the plaintiff allege special pecuniary damages. (*Van Heusen* v. *Argenteau,* 194 N. Y. 309; *Mc Namara* v. *Goldan,* Id. 315; *Crashley* v. *Press Publishing Co., supra.*)

In this case the allegation of damages is as follows: " That by reason of the malicious and wide circulation of such letter and copies thereof, and the false and malicious statements therein contained, by the above named defendant, and his malicious, unfavorable and untrue comments thereon, the confidence and trust of the members of the Chamber of Commerce of Penn Yan, which plaintiff heretofore enjoyed, has been shaken and destroyed and many members of the said Chamber of Commerce of Penn Yan who had been theretofore loyal supporters of and friendly to plaintiff have been alienated from plaintiff, and by reason of the premises the public trust and confidence in the honesty, integrity and fair dealing of this plaintiff, which plaintiff theretofore enjoyed, has been lessened and destroyed, and his business affected thereby, and many persons who were customers and clients of said plaintiff made unfriendly to him, and their confidence and trust in him destroyed, and as a consequence thereof plaintiff's business has been lessened and his means of livelihood reduced, all to the plaintiff's special damage in the sum of Three Thousand Dollars ($3,000)."

In *Crashley* v. *Press Publishing Co. (supra)* the complaint in addition to charging that the plaintiff, by reason of the publication of the matter complained of, was subjected to insults, annoyance and arrest, alleged that the " business of this plaintiff remained in the hands of mere clerks unacquainted with the management of said business, wherefore his business was damaged and greatly suffered irreparable loss." These allegations were held not to show special damages.

In *Reporters' Assn.* v. *Sun Printing & Pub. Assn.* (186 N. Y. 437) the damages charged were losses in business from the refusal of clients to pay just claims upon contracts, but this was held insufficient as an allegation of special damages. (See, also, *King* v. *Sun Printing & Pub. Assn.,* 84 App. Div. 310; affd., 179 N. Y. 600.)

In the present case there is no allegation as to the loss of any particular contract or business, or the custom of any particular person. Under the authorities cited the complaint contains no sufficient statement of special damages.

We do not pass on the question whether with a proper statement of special damages, the letter when taken in connection with the other averments of the pleading would be libelous.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, unless the plaintiff within twenty days after the service upon his attorneys of a copy of the order to be entered determining this appeal pay to the defendant's attorneys the costs of this appeal and ten dollars motion costs, and serve an amended complaint, in which case the motion is denied.

Hubbs, P. J., Clark and Taylor, JJ., concur; Davis, J., dissents in a memorandum.

Davis, J. (dissenting):

The complaint alleges that plaintiff was president of the Penn Yan Chamber of Commerce. It was generally known that he claimed the Batavia Chamber of Commerce made him an offer of an important position at a large salary with that organization. The letter circulated by defendant in effect denied that an offer had ever been made him. The purpose of the letter and its circulation was to impugn the veracity and integrity of plaintiff and injure his standing among his associates and citizens generally. These facts must be assumed as true on this motion for judgment.

The letter so circulated concerning one in a quasi-public position is libelous *per se.* (*Bennet* v. *Commercial Advertiser Association,* 230 N. Y. 125; *Hinrichs* v. *Butts,* 149 App. Div. 236; *Mase* v. *Reilly,* 206 id. 434; *Riley* v. *Gordon,* 192 id. 443.)

The words taken in connection with the circumstances under which they were written and circulated were defamatory on their face, and it was not necessary to plead an innuendo. It was to be expected that persons who had knowledge of the facts would give to the words their ordinary meaning and would understand thereby that plaintiff was charged with being deliberately untruthful.

(*Hearst* v. *New Yorker Staats-Zeitung*, 71 Misc. 7, 11; affd., 144 App. Div. 896.)

The question as to whether special damages have been properly alleged is, therefore, unimportant.   I dissent and vote for affirmance.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, unless the plaintiff within twenty days after the service upon his attorneys of a copy of this order, pay to defendant's attorneys the costs of this appeal and ten dollars motion costs and serve an amended complaint, in which case the motion is denied.