S. & R. MOTORS, INC., Plaintiff, v. GOWENS MOTORS, INC., Defendant.

Supreme Court, Special Term, Orange County, March 11, 1955.

*Scott & Hoyt* for defendant.

*Seymour Greenblatt* for plaintiff.

EAGER, J.   This is a motion to dismiss a complaint for failure to state facts sufficient to constitute a cause of action.   The plaintiff herein, S. & R. Motors, Inc., is a dealer in Plymouth and

DeSoto automobiles, having its place of business in the city of Newburgh. The defendant, Gowens Motors, Inc., having a place of business in a nearby village, also sells Plymouth and DeSoto cars. The complaint alleges that certain advertising matter inserted by the defendant in the "Newburgh News" on the 13th and 14th of December, 1954, was published concerning the plaintiff and was libelous. The advertisements had to do with offerings of Plymouth and DeSoto automobiles, the first containing the statements, " We won't Skin or Rob you — you will get an honest deal at Gowens Motors, Inc., * * * all cars priced to sell, so don't be Skinned or Robbed"; and the second stating, " We won't Soak or Rob you — you will get an honest deal at Gowens Motors, Inc., * * * all cars priced to sell, so don't be Soaked or Robbed." The plaintiff alleges that the matter was published concerning it, that, in the advertisements, the defendant used the same type of captial letter " S " and capital letter " R " as used in the advertisements of S. & R. Motors, Inc., in the same issues of the newspaper; that " the defendant used the words ' SKIN OR ROB ' and ' SOAK OR ROB ' to create in the minds of the readers of the ' Newburgh News ', an association of ideas connecting said advertisements and the thought contained therein with the plaintiff, in that said advertisments were intended to diminish the esteem, respect; good-will and confidence which the plaintiff had with the general public, and further, to create in the mind of the general public an opinion reflecting on the plaintiff's honesty and integrity in the management of its business. * * * that the said advertisements were so worded as to cause the readers thereof to believe that the plaintiff employed dishonest and disgraceful methods in the conduct of its business and that the plaintiff was to be avoided by the buyers of automobiles, and the public generally, because of dishonest and crooked methods employed by said plaintiff."

On the face of it, the advertisements complained of do not libel the plaintiff in any way. The plaintiff is not mentioned therein, nor is there anything in the mere wording thereof to lead one to believe that the publications have any connection with or reference to the plaintiff. We have the general allegation that they were published concerning the plaintiff, and the court has not overlooked the provisions of rule 96 of the Rules of Civil Practice that, " In an action for libel or slander, it is not necessary to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but the plaintiff may state in general terms that such matter was published or spoken concerning him."

In the opinion of the court, however, there are deficiencies in this complaint requiring it to be dismissed notwithstanding the provisions of rule 96. It is true that the said rule applies to do away with the necessity of pleading extrinsic facts showing the application of published words to the plaintiff where the words on the face thereof purport to be defamatory as to one or more ascertainable persons (see Seelman on Law of Libel and Slander, par. 413, pp. 401–403 and cases cited) that is, provided the words themselves or such words coupled with the facts stated in the complaint do not rule out their application to the plaintiff. (See *Corr* v. *Sun Print. & Pub. Assn.*, 177 N. Y. 131; *Hays* v. *American Defense Soc.*, 252 N. Y. 266, and *Fleischmann* v. *Bennett*, 87 N. Y. 231.) Here, however, the advertisements complained of by plaintiff are not on the face thereof defamatory as to any person. Therefore, a pleading of extrinsic facts was required to show that they were in fact libelous as to plaintiff. This is clear notwithstanding the provisions of rule 96. (See *Caldwell* v. *Raymond*, 2 Abb. Prac. 193 ; *Culver* v. *Van Anden*, 4 Abb. Prac. 375; *Corr* v. *Sun Print. & Pub. Assn.*, *supra*; *Van Heusen* v. *Argenteau*, 194 N. Y. 309, 312, and *McNamara* v. *Goldan*, 194 N. Y. 315, 321. See, also, Seelman on Law of Libel and Slander, par. 415, pp. 403, 405.) '' If, '' as stated by our Court of Appeals, '' the publication was not libelous on its face, but libelous only by reason of extrinsic facts and circumstances, then it was necessary to allege such facts in her complaint, for the statutory provision (now rule 96) cited in no way has relieved the plaintiff from the obligation that rested on her in this respect under the common-law rules of pleading. This was so held in *Fry* v. *Bennett*, (5 Sand. 54, 66), and the general principle is admirably stated by Judge VANN in *Corr* v. *Sun Print. & Pub. Assn.* (177 N. Y. 131, 136) : ' When an article is not libelous on its face, but becomes so only by reference to extrinsic facts, such facts must be alleged in a traversable form, for they relate to the substance and not to the application of the charge. To such an averment the statute, which changed the rules of pleading in actions for defamation, has no application.' '' (*Van Heusen* v. *Argenteau, supra,* p. 312.)

Now the plaintiff in effect claims that the wording of the advertisements is such as to raise an inference on the part of a reader that one or more other dealers in these same cars in the locality do skin and rob or soak and rob a buyer, and that the extrinsic facts and circumstances set up in the complaint establish that they were published with the intent to libel the plaintiff and that they had this effect. It is questionable, how-

ever, that the publications are such that they may be construed to cast reflection on and libel an ascertainable person or that the plaintiff has alleged sufficient to establish that it has been defamed thereby. In any event, it is clear that the complaint may not be sustained. This, because there is an absolute failure to plead special damages resulting to the plaintiff from the publications. Inasmuch as a pleading of extrinsic facts was required to show that the publications were in fact libelous as to plaintiff, it was also necessary for it to plead special damages. Notwithstanding the holding has been criticized (see Seelman on Law of Libel and Slander, ch. II, par. 29–59, pp. 34–65), it must be deemed to be the established law in this State that where a plaintiff in a libel action must rely on extrinsic facts to establish libel, special damages must also be pleaded, and this notwithstanding there is formal compliance with rule 96. *O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352 ; *Crashley* v. *Press Pub. Co.*, 179 N. Y. 27 ; *McNamara* v. *Goldan*, 194 N. Y. 315; *Frawley Chem. Corp.* v. *Larson Co.*, 274 App. Div. 643 ; *Kuhn* v. *Veloz*, 252 App. Div. 515 ; *Tower* v. *Crosby*, 214 App. Div. 392; *Legion against Vivisection* v. *Grey*, 63 N. Y. S. 2d 920.)

The complaint is dismissed. Submit order on notice.