THE PEOPLE OF THE STATE OF NEW YORK v. LEROY HOPE.— Motion to dismiss appeal granted. Present — Peck, P. J., Callahan, Breitel, Bastow and Rabin, JJ.

(May 10, 1955.)

VICTOR LASKY, Respondent, v. MURRAY KEMPTON et al., Appellants.

*Per Curiam.* With paragraph " 10 " of the complaint, containing the innuendo, stricken from the complaint, the pleading must be read primarily from the allegedly libelous article alone. The article, written in a racy, hyperbolic style, is frequently cryptic in meaning, sometimes contradictory, and only dubiously suggestive of matters defaming plaintiff. Its meaning not being adequately clear, the necessity for a proper allegation of extrinsic fact or innuendo is evident. Moreover, while specific allegation of falsity is not necessary in a libel pleading (Seelman on Law of Libel and Slander, p. 393; cf. 53 C. J. S., Libel and Slander, § 167), in the absence of such allegation it is not determinable, at this stage, which parts of the ambiguous article plaintiff may be relying on as libelous. The pleading should, therefore, be dismissed in its entirety, but with leave to plaintiff to serve an amended complaint. In passing, and to assist the pleader, we note that Special Term properly struck paragraph " 10 ", for it is an inextricable mixture of inferences and conclusions not supported by the article, together with some statements that, if proven, might sustain the libelous character of the article.

Accordingly, the complaint should be dismissed, with costs of the appeal to appellants and with leave to respondent to serve an amended complaint.

Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ., concur.

Order, so far as appealed from, unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted, with leave to the plaintiff to serve an amended complaint. [206 Misc. 962.]