DRUG RESEARCH CORPORATION, Respondent, *v.* CURTIS PUBLISHING COMPANY et al., Appellants.

First Department, February 17, 1959.

*Harold R. Medina, Jr.,* of counsel (*Stephen E. O'Neil* with him on the brief; *Cravath, Swaine & Moore,* attorneys), for appellants.

*Philip A. Friedman* of counsel (*Alfange & Friedman,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order denying a motion to dismiss the complaint for insufficiency. The action is one for libel, in which no special damages are pleaded. We are, of course, not now concerned with questions of proof to sustain the allegations of the complaint.

Simply stated, the problem presented is whether a publication that defames a product and charges fraud and deceit upon the public, also defames the manufacturer thereof, although he is not specifically named in the libelous article.

It is alleged that the plaintiff is the manufacturer and distributor of a product marketed under the name Regimen, which, it is claimed, is an aid in weight reduction. The defendant Curtis published an article, written by the defendant Pearse, entitled " Don't Fall for the Mail Frauds ".

The publication mentions the product by name and refers to a concern called " Wonder Drug Corporation " as having advertised the product extensively. The article states that, after investigation by postal inspectors, Wonder Drug executed " an affidavit of discontinuance " to the soliciting of orders through the mail. In referring to representations concerning the product, it characterizes them as virtually fraudulent. It declares that Regimen is still obtainable over the counter, " where postal authorities have no jurisdiction ", although under investigation by the Federal Trade Commission. It should be noted that Wonder Drug Corporation is not mentioned in this context.

The plaintiff alleges that it has expended $2,000,000 to exploit Regimen through various advertising media; that it has been identified with its product by the wholesale and retail drug trade; that its name and reputation and that of Regimen have

been gravely injured and damaged; and that its advertisements have been rejected.

We do not consider *Marlin Fire Arms Co.* v. *Shields* (171 N. Y. 384) applicable here. The Court of Appeals in that case, which sought injunctive relief, pointed out (pp. 389, 390) that the complaint did not allege any statement militating against the character or conduct of the plaintiff, nor did it charge that the plaintiff was guilty of any deceit in the vending of its product. That is not the situation in this case.

The gist of the article permits the conclusion that the misrepresentations with respect to Regimen are of such a nature as to constitute a fraud upon the public, and that the manufacturer is guilty of fraud and deceit.

In *Reporters' Assn.* v. *Sun Print. & Pub. Assn.* (186 N. Y. 437, 441), the Court of Appeals said: "There has been some dispute in the cases as to the necessity of setting out the specific damage, which a corporation claims to have suffered from a libelous publication; but I regard the better rule to be that such an averment is not necessary, when the language is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury."

If the entire article read as a whole, in its ordinary meaning, was naturally and proximately injurious to the plaintiff, it will be presumed, without any proof, that its credit and reputation were impaired thereby (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352, 358).

The rule is well stated in *Samson United Corp.* v. *Dover Mfg. Co.* (233 App. Div. 155, 156) quoting from L. R. A. (vol. 52, p. 526): " ' An action of libel may be maintained by a corporation where the character or condition of its marketable products is misrepresented, or where the libel relates to its business so as to affect the confidence of the public and drive away its customers, or where the libel affects its credit in the community and weakens the public confidence so that it is more difficult to obtain credit or borrow money. It seems that in none of these cases is it necessary to allege special damage where the obvious effect of the libel would be to ruin the business.' "

Under the circumstances, it should be held that the complaint is sufficient, and the order at Special Term should be affirmed on the law, with costs to the respondent.

McNALLY, J. (dissenting). In an action for libel, defendants appeal from an order denying their motion to dismiss the complaint for insufficiency.

The March 29, 1958 issue of the *Saturday Evening Post* contained an article entitled "Don't Fall for the Mail Frauds."

The gist of the article is that Wonder Drug Corporation, through extensive newspaper advertisements, publicized a reducing drug described as " Regimen " which allegedly made unnecessary the giving up of the kinds of food one likes to eat. However, states the article, in the container of " Regimen " are instructions warning the purchaser to avoid heavy gravies, oils, thick soup and a number of other types of food with high calorie content. The article then states that Wonder Drug Corporation voluntarily signed an affidavit of discontinuance as a result of an investigation by postal inspectors. It also observes that " Regimen " is still obtainable over the counter where the postal authorities have no jurisdiction but that the Federal Trade Commission which has jurisdiction over deceptive advertising has " Regimen " under investigation.

Whether or not a writing is defamatory is to be determined upon a fair reading of it. (*Hays* v. *American Defense Soc.*, 252 N. Y. 266, 269.) Unquestionably the article does charge Wonder Drug Corporation with unfair . and fraudulent practices in advertising a drug effective in reducing weight when, in fact, the instructions accompanying the drug advise the avoidance of the food which the advertisement states may be eaten without restriction. There is nothing in the article, however, which charges the plaintiff with such advertising. The article does not name or describe the plaintiff and has no reference to plaintiff's method or manner of manufacturing " Regimen ". Plaintiff, however, claims that it has been defamed by reason of the fact that it manufactures and distributes " Regimen " and has caused to be made hospital and clinical studies at great expense which establish the weight reducing effectiveness of " Regimen " which the article challenges and disputes. The fraudulent practices described in the article clearly have reference to Wonder Drug Corporation. It is not alleged that plaintiff is identified with that corporation. When defamatory matter identifies the person charged as one other than .plaintiff, the bare allegation that it was published of and concerning the plaintiff is of no legal effect. (*Fleischmann* v. *Bennett*, 87 N. Y. 231, 237; *Corr* v. *Sun Print. & Pub. Assn.*, 177 N. Y. 131, 135–136; *S. & R. Motors* v. *Gowens Motors*, 207 Misc. 890, 893.)

This court recently held that where the plaintiff is neither named nor referred to in the defamatory matter he is obliged to allege special damages. (*Stillman* v. *Paramount Pictures Corp.*, 2 A D 2d 18, 20.) It may be conceded that the article is critical of the product manufactured by the plaintiff. Nevertheless, the rule is clear that a libel of a manufactured article is not actionable unless plaintiff alleges and establishes special

damages. (*Marlin Fire Arms Co.* v. *Shields,* 171 N. Y. 384, 390.) The complaint does not allege special damages with the required particularity. If loss of customers is claimed, they must be named; if persons refused to purchase, they too must be named. (*Reporters' Assn.* v. *Sun Print. & Pub. Assn.,* 186 N. Y. 437, 442.) In that case, the article in question was held to be libelous per se as to Newsboys' Company and Newsboys' Magazine but not libelous per se as to the plaintiff. As to the plaintiff, therefore, the court held that allegations and proof of special damages were necessary in order to sustain its cause of action. (See *Rager* v. *McCloskey,* 305 N. Y. 75, 81.)

Plaintiff's reliance upon *Vocational Guidance Manuals* v. *United Newspaper Mag. Corp.* (280 App. Div. 593) is misplaced because there the article, although it did not name the plaintiff, was conceded on the argument of the appeal to have been published of the plaintiff. In the instant case, there is no such concession and so far as appears the corporation named, Wonder Drug Corporation, was an existing corporation separate and apart from plaintiff.

The order appealed from should be reversed and the motion granted with leave to serve an amended complaint alleging special damages.

BOTEIN, P. J., BREITEL and M. M. FRANK, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents in opinion in which VALENTE, J., concurs.

Order affirmed on the law, with $20 costs and disbursements to the respondent.