Arthur D. Brennan, J.
The motion by certain plaintiffs and by the attorney for said plaintiffs, pro se, to dismiss the two counterclaims contained in the defendants’ answer herein on the ground that said counterclaims have been improperly interposed in this action, is denied. It is clear that these counterclaims against said plaintiffs and their attorney have been *29 interposed pursuant to section 271 of the Civil Practice Act. Further, since the 1936 amendment to section 266 of the Civil Practice Act, a proper counterclaim may consist of any cause of action in favor of the defendant and the same need not be related to the issues of the complaint. (Moser v. Fieland, 5 Misc 2d 937; Town of Harrison v. Sunny Ridge Bldrs., 170 Misc. 161; Ritter v. Mountain Camp Holding Corp., 252 App. Div. 602.)
With respect to the motion by said plaintiffs and their attorney, pro se, to dismiss, for legal insufficiency, the first counterclaim (alleged in paragraphs “Thirty-Second” to “Forty-Second” of the answer herein), this court is of the view that the same should be and is granted. In this court’s opinion the publication complained of is so indirect and ambiguous in its terms that its libelous and defamatory tendency is not apparent on its face and extrinsic facts and circumstances must be alleged to establish that the same was in fact libelous; in addition, in an action of this character where extrinsic facts must be relied on to establish libel, special damages must also be pleaded. (See Seelman, Law of Libel and Slander, pp. 29-65, 396, 403-405; Lasky v. Kempton, 285 App. Div. 1121; S. & R. Motors v. Gowens Motors, 207 Misc. 890.)
With respect to the motion by said plaintiffs and their attorney to dismiss, for legal insufficiency, the second counterclaim (alleged in paragraphs “Forty-Third” to “Forty-Sixth” of the answer herein), this court is also of the view that the same should be and is granted. This counterclaim for malicious prosecution and for abuse of process is insufficient in that it fails to allege: (1) that in consequence of the alleged unfounded suit, the person or property of the defendants was interfered with; (2) that the said suit has terminated in favor of the complaining parties; and (3) that there was abuse and improper use of process after its issuance. (See Serxner v. Elgart, 196 Misc. 1053; Woodward v. Southampton Fed. Sav. & Loan Assn., 161 N. Y. S. 2d 552, and Friedman v. Roseth Corp., 190 Misc. 742, mod. on other matters sub nom. Freidman v. Odora Co., 273 App. Div. 755.)
Turning now to the remaining motion, made pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice, to strike out, for legal insufficiency, the 20 affirmative defenses contained in the defendants’ answer herein, the same is disposed of, as follows: Defenses “First”, “Fifth”, “Sixth”, “ Eleventh ” and ‘ Twelfth ” relate to the right and power of the court to entertain the first cause of action for declaratory judgment and for an injunction. In this court’s opinion these *30 defenses are insufficient and the motion is granted with respect to the same. It has been held that where, as here, a dispute exists between contending factions of a church and the controversy involves civil and property rights, then our courts may and should assume jurisdiction of the matter. (Cadman Mem. Cong. Soc. of Brooklyn v. Kenyon, 279 App. Div. 1015, affd. 306 N. Y. 151.) So, too, it has been held that although the matter of selecting a clergyman for a church is ecclesiastical in nature, it is within the province of our courts to determine a dispute as to a given selection where, as here, questions of control and management of the temporalities of the church will be settled by the determination of such a disputed matter. (Rector, Churchwardens & Vestrymen of Church of Holy Trinity v. Melish, 4 A D 2d 256, affd. 3 N Y 2d 476.) The “ Second ” defense consists of a matter which should be raised by motion and not by answer and the motion is granted with respect thereto. The “Fourth” defense which asserts that the court has no jurisdiction with respect to the first cause of action, is held insufficient and the motion is granted with respect thereto. The defenses designated as “Third”, 1‘ Eighth ”, “ Ninth ”, “ Fourteenth ’ ’ and ‘ ‘ Seventeenth ’ ’ are also held insufficient and are stricken from the answer. These five defenses consist of objections based upon nonjoinder of parties. Such objections may only be raised by motion and not by answer. (Carruthers v. Waite Mining Co., 306 N. Y. 136; see, also, Tripp, Guide to Motion Practice, Cum. Supp. 1949-1955, § 27, p. 60.) In all other respects, the said motion to strike out the affirmative defenses contained in the defendant’s answer, is denied.
The defendants shall have leave to issue and serve an amended answer herein, if they be so advised, and in such event, the same shall be served within 20 days following the service of a copy of the order to be entered hereon with notice of entry thereof.
It may be noted that in the brief which the defendants -submitted in opposition to the above motions, reference is therein made to various cross motions sought to be addressed by said defendants to the complaint herein. Such cross motions will not be entertained or passed upon at this time as no notice of cross motion for any of the affirmative relief mentioned in said brief has been made or served. It is true that where, as here, the plaintiffs have moved with respect to the sufficiency of the affirmative defenses contained in the defendants’ answer, then, under the provisions of subdivision 6 of rule 109 of the Eules of Civil Practice, the court may, even in the absence of a cross motion therefor, dismiss the complaint for legal insufficiency *31 if it appears .that said complaint does not state facts sufficient to constitute a cause of action. However, if the defendants seek to simultaneously challenge the complaint on grounds other than legal insufficiency, then a notice of cross motion with such supporting affidavits and other papers as are permitted and required by the Rules of Civil Practice, are necessary. Nor will this court presently consider any motion addressed to the legal sufficiency of the complaint herein, for such a motion was made by the defendants herein in March of this year and was thereafter denied by Mr. Justice Coyne. Settle order on notice.