Frank S. McCullough, J.
This is a motion pursuant to rule 106 of the Buies of Civil Practice for an order dismissing each of the three causes of action in the amended complaint on the ground that they do not state facts sufficient to constitute a cause of action.
The causes of action are alleged to have arisen out of the publication of an article in the defendant’s newspaper, The Reporter Dispatch. Each cause of action sets forth that as a result of the publication, plaintiff was damaged in the sum of $25,000, but the demand for relief asks for only $25,000 thus indicating that each cause of action represents a different theory upon which the claim is predicated.
The article stated that the plaintiff had been convicted of a violation of a village ordinance, for disturbing the peace. Actually, the plaintiff was never convicted, tried, or charged for such a violation. It appears that the person convicted of the crime described in the newspaper article was one of similar name in a similar business.
The first cause of action seeks damages for alleged injury to the plaintiff’s personal reputation, but fails to allege special damages. The law is well established that where the published material is not libelous per se, it is not actionable unless supported by allegation of special or actual damage sustained. (Mencher v. Chesley, 297 N. Y. 94.) The court’s determination with respect to the first cause of action, therefore, rests on whether the newspaper article is libelous per se. The said article, while it quoted part of the subject ordinance wherein the term “ disorderly person” appears, is not libelous per se because of the fact that the statement of the specific act upon which the conviction was had is not, in the opinion of this court, libelous per se. That specific act was described explicitly in the article as follows:
“ The owner of a Scarsdale nursery was fined $25 in Police Court yesterday for ordering an employee to operate a leaf- *913 blowing machine which made a ‘ loud, unusual and unnecessary-noise ’ disturbing the peace of the Village.
* # #
“ Chief prosecution witness was Lloyd Durant of 65 Carthage Road, who testified that the leaf-blowing machine made a 1 loud, wailing, screeching, whistling noise ’ which could be heard even with the windows closed.”
In this age of sonic booms, it can hardly be said that the erroneous account of a violation of a village ordinance by reason of a mechanism employed in a business is libelous per se. Had the news account been limited to a mere allegation of disorderly conduct, without more, the court might have ruled otherwise, but here the account, taken in toto, is not sufficient to sustain the first cause of action, as stated.
The second cause of action pleads libel of plaintiff’s business. Where a publication is not defamatory upon its face, the plaintiff is required to “ plead and prove special damage arising from injury to * * * [his] business as a result of the publication of words, however falsely or maliciously spoken or written (Frawley Chem. Corp. v. Larson Co., 274. App. Div. 643, 644.) For the reasons heretofore stated, the court does not construe the article as libelous per se, and accordingly, special damages must be pleaded.
The second cause of action is insufficient in its recitation of special damages, saying only: “That as a result of the foregoing, plaintiff has been badly damaged in his business and reputation, all to his very great damage in the sum of $25,000.00.”
In Reporters’ Assn. v. Sun Printing & Pub. Assn. (186 N. Y. 437) it was alleged that the publication had caused plaintiff “ a serious loss in business,” the refusal of clients to pay claims on contracts, and had “ greatly damaged the plaintiff in his credit and reputation. ’ ’ The court held this was an insufficient plea of special damage. At page 442 the court stated: “ Under the settled rule, whenever special damage is claimed, the plaintiff must state it with particularity, in order that the defendant may be enabled to meet the charge.”
In Roberts v. Breckon (31 App. Div. 431, 437) the court held: “ Thus a loss of customers is a special damage. The plaintiff cannot show the loss of any customers except such as are named.”
In Tower v. Crosby (214 App. Div. 392, 394) the court said: “ In the present case there is no allegation as to the loss of any particular contract or business, or the custom of any particular *914 person. Under the authorities cited, the complaint contains no sufficient statement of special damages.”
The final cause of action is founded on negligence upon the theory that the defendant publisher was under a duty to plaintiff and the public generally to exercise due care “ to ascertain the truth and correctness of the matter published therein ’ ’ and that had it exercised such care, it would have ascertained the true identity of the person charged with the violation of the ordinance.
Recently, in Sacco v. Herald Statesman, Inc. (32 Misc 2d 739) Mr. Justice Hopkins dismissed a similar cause of action, citing the strict limits on the doctrine of liability for the use of “negligent language”. Judge Hopkins noted that “the remedy open to plaintiff through libel is far broader than an action based on negligence.”
Accordingly, the defendant’s motion is granted and the three causes of action dismissed, without prejudice to the service of an amended complaint by the plaintiff.