HINRICHS v. BUTTS.

(Supreme Court, Appellate Division, Second Department. February 23, 1912.)

1. LIBEL AND SLANDER (§ 10*)—WORDS ACTIONABLE PER SE—"VENOMOUS INCOMPETENT."

     A letter, referring to the manager of a mail chute company as "the 'venomous incompetent' * * * who has charge of your office here, and who either does not know how to put [a mail chute] in order, or willfully queers it, * * * so as to bedevil us and the job," is actionable per se, tending to charge the manager with moral delinquency, and holding him up to hatred, ridicule, and contempt.

     [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 91–96; Dec. Dig. § 10.*]

2. LIBEL AND SLANDER (§ 9*)—WORDS ACTIONABLE PER SE—WORDS AFFECTING BUSINESS OR OCCUPATION.

     Words affecting the reputation of one engaged in business may be libelous per se, just as those affecting the good name of one following a profession or trade.

     [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 80–90; Dec. Dig. § 9.*]

3. LIBEL AND SLANDER (§ 80*)—DEFENSES—PRIVILEGE.

     That a communication, otherwise libelous, was privileged, is a matter of defense, and need not be negatived by plaintiff.

     [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 80.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
133 N.Y.S.—49

**4. LIBEL AND SLANDER (§ 51*)—DEFENSES—PRIVILEGE.**
   Communications, otherwise privileged, cease to be privileged, when actuated by malice and made in bad faith.
   [Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 149–150; Dec. Dig. § 51.*]

Appeal from Special Term, Kings County.

Action by John C. Hinrichs against Thomas W. Butts. From a judgment denying his motion for judgment on the pleadings, defendant appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

P. J. Dobson, for appellant.
Louis Ehrenberg, for respondent.

WOODWARD, J. The defendant moved at Special Term for judgment dismissing the plaintiff's complaint, contending that, although the plaintiff seeks to recover for an alleged libel, the complaint fails to state a cause of action.

[1] It appears the plaintiff was in the employ of the United States Mail Chute Equipment Company, and the manager of its New York office. The alleged libelous words are contained in a letter written by the defendant to the Equipment Company. In that letter the defendant refers to the plaintiff as *"the venomous incompetent creature who has charge of your office here, and who either does not know how to put it in order* [meaning a certain mail chute] *or willfully queers it, so that it will not serve the purpose for which it is wanted,"* and further saying in substance that the Equipment Company was giving "your New York manager another chance to *bedevil us and the job."*

It is urged by the defendant that the words are not libelous per se, that there is no sufficient allegation of any trade, profession, or occupation, and that, in the absence of an allegation of any specific damage, the plaintiff is not entitled to recover, and therefore the defendant was entitled to a dismissal of the complaint. If we analyze the words used, we are of the opinion that they touch the plaintiff in his private character, in that they charge him with being *"venomous,"* with an intention to *"willfully queer"* his work, and *"bedevil"* the job. To characterize a person as possessing those qualities charges such moral delinquency as necessarily affects him in his personal character, and in our opinion is libelous per se. To charge him with being *"incompetent"* tends to injure him in relation to his business and occupation. In the case under consideration, the letter in question tends to injure the plaintiff in his private character, as well as his standing in his business and occupation.

It goes without saying that willful words, which hold a person up to hatred, ridicule, contempt, or obloquy, are libelous per se. The words of the letter do nothing less. So, too, words written of a man in relation to his business or occupation, which have a tendency to hurt, or are calculated to prejudice, him therein, are actionable, although they charge no fraud or dishonesty, and were without actual

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

malice, and, when proved, unless the defendant shows a lawful excuse, the plaintiff is entitled to recover. Moore v. Francis, 121 N. Y. 199, 23 N. E. 1127, 8 L. R. A. 214, 18 Am. St. Rep. 810; Krug v. Pitass, 162 N. Y. 154–159, 56 N. E. 526, 76 Am. St. Rep. 317; Bornmann v. Star Co., 174 N. Y. 212, 219, 66 N. E. 723; Triggs v. Sun Printing & Pub. Ass'n, 179 N. Y. 144, 153, 71 N. E. 739, 66 L. R. A. 612, 103 Am. St. Rep. 841; Le Massena v. Storm, 62 App. Div. 150, 153, 70 N. Y. Supp. 882; Gibson v. Sun P. & P. Ass'n, 71 App. Div. 566, 569, 76 N. Y. Supp. 197; Cruikshank v. Gordon, 118 N. Y. 178, 183, 23 N. E. 457. We think these authorities dispose of the defendant's contention, and the court was correct in denying the defendant's motion for judgment.

[2] In our judgment, it would be absurd to hold, as contended by appellant, that because the plaintiff did not practice a profession, or follow a trade, he was not equally protected from unjust attack. He was apparently the local manager of a large and important business enterprise. His good name and reputation as the business manager of such a concern is just as sacred as though he were prominent in one of the learned professions. The law should be just as zealous to protect the reputation of a business man as one of capacity and ability, as one engaged in following a trade or practicing a profession.

[3] The appellant further contends that the letter containing the words complained of is a privileged communication. Assuming such to be the fact, such privilege rests with the defendant to establish as a defense, and it is not for the plaintiff, in the first instance, to show the article is not of the privileged class.

[4] Communications, otherwise privileged, cease to be privileged, when actuated by malice and made in bad faith. The letter in question is so intemperate in language that a jury might well infer the writer was actuated by feelings of personal malice toward the plaintiff.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.