CARROLL BUILDING CORPORATION, Respondent, *v.* LOUIS GREEN-BERG PLUMBING SUPPLIES, INC., and Others, Appellants, Impleaded with LOUIS ZUCKER and Others, Defendants.

Second Department, February 11, 1926.

Conspiracy — action against contractor who filed mechanic's lien and another who filed conditional bill of sale after material had been used in plaintiff's building — damages based on delay in closing title on sale — contractors had legal right to file lien — fact that bill of sale was void does not show conspiracy — no evidence that defendants conspired unlawfully to injure plaintiff.

The plaintiff cannot recover damages based on an alleged conspiracy by the defendants unlawfully to injure him, on the theory that the defendant contractors in furtherance of the alleged conspiracy filed a mechanic's lien against plaintiff's property, and that the other defendant filed a conditional bill of sale covering plumbing supplies that had been furnished by it to the plumbing contractors and used in plaintiff's building about a year before the bill of sale was filed, for the plumbing contractor had the right to file a mechanic's lien at the time, since it appears that there was a small amount due on his contract and there was also a claim for extra work, and the mere fact that the bill of sale was void does not show that the defendants entered into a conspiracy unlawfully to injure the plaintiff.

APPEAL by the defendants, Louis Greenberg Plumbing Supplies, Inc., and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 9th day of October, 1924, upon the decision of the court rendered after a trial at the Kings Special Term.

*Horace G. Marks* [*Julius M. Jacobs* and *Samuel Kahan* with him on the brief], for the appellants.

*William Godnick* [*Fred Francis Weiss* and *Irving C. Maltz* with him on the brief], for the respondent.

KELLY, P. J. This action was based on plaintiff's charge that defendant Louis Greenberg Plumbing Supplies, Inc., and defendants Penzel and Zucker, plumbing contractors, conspired to injure the plaintiff, and that, in furtherance of the conspiracy, the latter

defendants filed a mechanic's lien against plaintiff's property and Greenberg, Inc., filed a conditional bill of sale covering plumbing supplies furnished by it to the plumbing contractors, some of which supplies had been used in and affixed to plaintiff's buildings nearly a year before the conditional bill of sale was filed. The plaintiff alleges that these papers were filed maliciously, because it had refused to pay a bill which the plumbing contractors owed the supply house, for which bill plaintiff was not liable. Plaintiff charges that the filing of the mechanic's lien and the bill of sale interfered with the sale of three of its buildings, that it was obliged to employ counsel, and to postpone the closing of title, so that it lost interest on the purchase price which it was to receive. The plaintiff bonded the mechanic's lien, and the conditional bill of sale was satisfied and discharged of record by Greenberg, Inc., the supply house, after the commencement of the action and before the trial.

The learned trial justice found the unlawful conspiracy as matter of fact, and that the plaintiff had been damaged by the filing of the papers in the sum of $944.22. He also found as matter of law that at the time of filing the conditional bill of sale it was null and void as against the materials used in plaintiff's buildings, such materials having, prior to such filing, been affixed to and become part of the real property. (Pers. Prop. Law, § 67, as added by Laws of 1922, chap. 642, known as Uniform Conditional Sales Act.)

In our opinion the evidence did not justify a finding that the defendants entered into a conspiracy to injure the plaintiff. So far as the appellants Penzel and Zucker are concerned, it appears that they were within their statutory rights when they filed a mechanic's lien against the plaintiff's property on their claim for extra work. True, they had been paid $32,000 on a $32,200 contract, but it is not unusual to find claims for extra work. We do not in any way pass upon the question whether the claim was good or bad, but on the evidence before the court the plaintiff did not dispute that it owed the plumbing contractors something for extra work. When they presented the claim to plaintiff's treasurer, he did not repudiate it. He testified that he told Zucker that he would settle it, if the claimants made the bill reasonable. Mr. Selig, the president of the plaintiff corporation, testified that when he met the claimants at the office of the lawyer, Kahan, who was preparing the notice of lien, he told Mr. Kahan that he was " ' Only too glad to settle with them.' And, in fact, my partner offered to settle with them." If the plaintiff owed money to the plumbing contractors for extra work or as a balance on the

original contract, they had a statutory right to file a mechanic's lien, and if the filing of such lien interfered with the sale of any of plaintiff's houses (although there is no evidence that the claimants knew of the outstanding contracts), plaintiff's remedy was to bond the lien, which was the course pursued by plaintiff.

There appears to be no justification for the action of the defendant Greenberg, Inc., in filing the conditional bill of sale affecting plaintiff's property. If this action had been against that defendant alone, the evidence might have justified a finding that its credit man was actuated by improper motives in filing this void conditional bill of sale, afterwards voluntarily canceled. But Penzel and Zucker, the plumbing contractors, did not file the conditional bill of sale. They were called by the plaintiff as witnesses, and the credit man of defendant Greenberg, Inc., was also called by plaintiff. These witnesses for plaintiff deny that there was any conspiracy, and there is no evidence connecting Penzel and Zucker with the filing of the conditional bill of sale. The action is founded upon conspiracy. If the proof of conspiracy fails, the action fails.

Penzel and Zucker having a statutory right to file a lien for their claim against the plaintiff owner, such filing cannot be made the basis of an action for malicious abuse of process. The Appellate Division in the Third Department recently had this subject under consideration. (*Beardsley* v. *Kilmer*, 200 App. Div. 378.) Mr. Justice H. T. KELLOGG said in his opinion (p. 381): "It is a principle of general application that a malicious motive does not render unlawful acts which in themselves are lawful. It was said by Judge Cooley in his work on Torts (Vol. 2 [3d ed.], p. 1505): 'Bad motive, by itself, then, is no tort. Malicious motives make a bad act worse, but they cannot make that a wrong which in its own essence is lawful. "An act which does not amount to a legal injury cannot be actionable because it is done with a bad intent." "Where one exercises a legal right only, the motive which actuates him is immaterial."' This statement correctly expresses the law of this State. (*Auburn & Cato Plank Road Co.* v. *Douglass*, 9 N. Y. 444; *Pickard* v. *Collins*, 23 Barb. 444; *Morris* v. *Tuthill*, 72 N. Y. 575; *Kiff* v. *Youmans*, 86 id. 329.)" The Court of Appeals affirmed the judgment of the Appellate Division (236 N. Y. 80). Chief Judge HISCOCK, writing for the court, collates and discusses the authorities. He cites Mr. Justice HOLMES' opinion in *American Bank & Trust Co.* v. *Fed. Reserve Bank of Atlanta* (256 U. S. 350): "The genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another."

There is no sufficient evidence in this record to support the

finding of the learned trial justice that there was an unlawful conspiracy between the defendants to injure plaintiff.

The judgment should be reversed on the law and the facts, with one bill of costs to appellants Penzel and Zucker, and the complaint dismissed, with one bill of costs to said appellants. Settle order upon notice containing appropriate modification or reversal of the findings at Special Term and such new findings by this court as may be necessary in conformity with this opinion.

RICH, JAYCOX, KAPPER and LAZANSKY, JJ., concur.

Judgment reversed on the law and the facts, with one bill of costs to appellants Penzel and Zucker, and complaint dismissed, with one bill of costs to said appellants. Settle order upon notice, containing appropriate modification or reversal of the findings at Special Term and such new findings by this court as may be necessary in conformity with opinion.