ALICE KEATING, Plaintiff, *v.* DAVID J. CONVISER and Another, Defendants.

Supreme Court, Kings County, April 7, 1926.

Libel — action for libel predicated on letter written by defendants to plaintiff's employer — letter, after calling employer's attention to plaintiff's indebtedness, contained sentence reciting "frankly speaking, the only basis upon which we extended credit to her was the fact that she was a person in your employ, from each of whom you require a certain standard of honesty "— letter neither touches plaintiff in her business or profession as telephone operator nor imputes dishonesty to her — letter is not libelous in absence of special damages — verdict in favor of plaintiff set aside and complaint dismissed.

A letter written by defendants to plaintiff's employer on which the plaintiff predicates an action for damages for libel, which, after calling said employer's attention to plaintiff's indebtedness to defendants, contains a sentence reciting "frankly speaking, the only basis upon which we extended credit to her was the fact that she was a person in your employ, from each of whom you require a certain standard of honesty," while it identifies plaintiff as an employee, it relates to her in her private capacity rather than in her business as a telephone or switchboard operator and it cannot be said, therefore, to touch her in her business or profession nor does it impute dishonesty to her. Nor is the matter libelous in the absence of proof of special damages, since plaintiff's occupation is not one requiring credit for its pursuit as a business as would be the case if she were a merchant or a trader.

Furthermore, the language complained of is not libelous *per se* independent of whether or not it touches plaintiff in her business, since in the absence of proof of special damages it neither tends to expose the plaintiff to public contempt, ridicule or aversion, or deprive her of the friendly intercourse she has a right to expect in society; therefore, defendants' motion to set aside the verdict in favor of the plaintiff must be granted and the complaint dismissed.

ACTION for libel.

*Frederick G. Rita,* for the plaintiff.

*Hirsh, Newman & Reass* [*Benjamin Reass* of counsel], for the defendants.

CARSWELL, J. The letter said to contain the claimed libel is as follows:
                    "CONVISER'S UNEEDA,
              "1061 Broadway, Brooklyn, N. Y.
"Telephone Jefferson 6200              *March* 26, 1924. No. 28817.
"U. S. LINES,
        "45 Broadway, N. Y. C.:

"GENTLEMEN.— Permit us to direct your attention to a matter of importance. Miss Alice Keating of your employ purchased from

us some time ago clothing amounting to $79.50. Although agreeing to pay us $2.50 per week, to date we have received no payment on the balance of $10.00 since August 11, 1923. Frankly speaking, the only basis upon which we extended credit to her was the fact that she was a person in your employ, *from each of whom you require a certain standard of honesty.* Now there are two ways open to us to enforce collection. One way is to take the debtor to court; this involves a loss of time and additional court costs, to which naturally we do not like to resort unless absolutely compelled. The other method which we prefer is to appeal to a man in authority like yourself. We honestly believe that a word from you will make her realize the unfairness of withholding payment on a just obligation.

" Thanking you in advance for any assistance you may give us on this matter, we are, very truly yours,

" (Signed) P. PERLIN,
" Uneeda Credit Clothing Co."

(1) The plaintiff claims that the above letter is a libel *per se;* that it touches her in her business or profession and imputes dishonesty to her. She is a telephone or switchboard operator in the United States Shipping Board, or United States Lines offices, to whom the letter is addressed. Upon its face it avowedly identifies her as an employee, but it also avowedly relates to her in her private capacity and in reference to a private transaction between her and the writer of the letter. Her occupation is not one that requires credit for its pursuit as a business, as would be the case if she were a merchant or a trader. It cannot be said, therefore, to touch her in her business. (*Thorner* v. *Samuels,* 122 Misc. 139, 142.) In *Hinrichs* v. *Butts* (149 App. Div. 236) the charge was broader and more intimately touched the person complaining in his business. The *Hinrichs* case, which plaintiff relies on, referred to the man's manner of doing certain work, which was that of an installer of chutes, and the publication reflected upon him in that capacity.

(2) Assuming that the complained of matter touches plaintiff in her business as a telephone operator, is it a libel *per se?* It seems to be settled that a publication about a person other than a merchant or trader who needs credit in his business, that indicates that such a person has not paid a particular debt is not libel *per se* and is only libelous when there is proof of special damages. (*Stannard* v. *Wilcox & Gibbs S. M. Co.,* 118 Md. 151, and cases cited therein; *Windisch-Muhlhauser Brewing Co.* v. *Bacom,* 21 Ky. L. Rep. 928; *Harrison* v. *Burger,* 212 Ala. 670; *Fry* v. *McCord Bros.,* 95 Tenn. 678.) The part of the letter which is said to be libelous herein is the italized matter read in connection with its context.

The paragraph containing it is: " Frankly speaking, the only basis upon which we extended credit to her was the fact that she was a person in your employ, *from each of whom you require a certain standard of honesty.*" (Italics ours.) This paragraph without the italicized matter is not libelous within the authorities. The italicized matter is implied in the preceding part of the paragraph. The italicized matter which is thus necessarily implied is not libel *per se.* Putting in express language matter which is necessarily implied by non-libelous language cannot be libel *per se.*

(3) But it is claimed that the complained of language, independent of whether or not it touches plaintiff in her business, is a libel *per se* because it was published in writing and not uttered orally; that " it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of [her] in the minds of right thinking persons, and to deprive [her] of their friendly intercourse in society." (*Sydney* v. *Macfadden Newspaper Pub. Corp.*, 242 N. Y. 208.) Every written utterance which if false might lessen to some degree one's standing in the regard of others does not constitute libel *per se.* The line has to be and is drawn more or less arbitrarily, and the whereabouts of that line is to be found in the cases hereinbefore cited. For instance, suppose without proof of special damage, a woman wrote to the employer of another woman that the employee frequently exhibited a bad temper in her speech, with others in her private life; suppose it was said of a telephone operator of whom courtesy and self-control are desirable attributes; it would hardly be said that that was libel *per se* within the above definitions in *Sydney* v. *Macfadden Newspaper Pub. Corp.* (*supra*), yet it would be literally within its language. The cases (*Stannard* v. *Wilcox & Gibbs S. M. Co.*, *supra*, and cases referred to therein; *Windisch-Muhlhauser Brewing Co.* v. *Bacom*, *supra; Harrison* v. *Burger*, *supra; Fry* v. *McCord Bros.*, *supra*) have said that communicating to an employer that an employee has not paid certain claimed debts is not libel *per se* where the employee does not need credit in his or her occupation as such. These cases indicate a line beyond which the letter herein does not go, so as to constitute a ground for legal complaint without proof of special damage. Hence the utterance complained of herein is not libel *per se* within the definition in the *Sydney Case* (*supra*).

(4) Of course letters of the character involved herein are in very bad taste and are to be condemned, but whether or not they are libelous is to be determined by the principles of law applicable thereto. Many things are unworthy and to be condemned, and yet many of these self-same things are not illegal. That which is not illegal is not made illegal because of the presence of malice,

**534** Willat Film Corp. *v.* Central Union T. Co. Nos. 1–3.

Supreme Court, July, 1926. [Vol. 127

particularly in the absence of special damage. (*Carroll Bldg. Corp.* v. *Greenberg P. Supplies, Inc.*, 216 App. Div. 268, 270.) Malice in this case does not make a lawful act unlawful.

The case was submitted to the jury on plaintiff's theory of the law and control of the result was reserved to determine if that theory of the law would survive a re-examination and consideration of the applicable cases. The conclusion has been reached that it does not. If a different view be taken the course pursued will make a retrial unnecessary. It follows that the motion to set aside the verdict herein must be granted and the reserved motion to dismiss the complaint must be and is granted, with exceptions to the plaintiff.