Saul S. Streit, J.
Defendant moves for dismissal of the amended complaint for insufficiency. Plaintiff is an attorney and a notary public. This libel action is another emanation of the controversy raging over the disappearance of Dr. Galindez and the report of the Morris Ernst investigation into that matter. Plaintiff was associated with Morris Ernst in that investigation. In the course thereof an affidavit was taken from one Virginia Wulfing and the published statement complained of purported to report what Virginia Wulfing said of that affidavit, in the following language: ‘ ‘ brought to my home by three men who represented themselves as being reporters from the Daily News. When I made my original statement to CBS, I was under the impression that my father had told me about an incident concerning a cancer patient on March 12. However, the so-called reporters * * * pointed out to me that it couldn’t have been on March 12 because my father didn’t come home from Zahn’s Airport until after midnight, which would have made it March 13. I agreed, and on that basis inserted (12th) after the word (March) in paragraph 4(A), but I didn’t realize that the sentence went on to say, ‘ but in April or May of that year.’ If I had, I couldn’t have agreed to it. None of the three men who brought the affidavit to me told me they were notary publics. They only indicated they were reporters from the New York Daily News. I did not see the affidavits being notarized or stamped. I cannot remember the names of the three men who persuaded me to sign the affidavit. At the same time, I had never heard of Morris Ernst and was not aware I was signing anything more than a release for a newspaper that would not be made public.”
After quoting the statement in that manner, the complaint continues with the published statement, as follows: 1 ‘ This affidavit was notarized by a William Bichter of the Bronx. [Meaning plaintiff.] That William Bichter had verified his signature but declined to answer any further questions which might shed some light on the circumstances under which the affidavit was procured.”
The statement relied on may be capable of producing two meanings, in which event its meaning is for the jury. But, cer *222 tainly, it may be said to have the meaning that plaintiff connived disgracefully in obtaining an improperly notarized and falsified affidavit. In this aspect of the case the alleged innuendo is wholly proper and the words used are calculated to injure the plaintiff in his professional and public office. The statement is thus libelous per se.
The motion is denied.