Hernando Plantation Company, Appellant, *v.* Slovak Press, Inc., and Another, Respondents.

First Department, April 13, 1928.

**Libel and slander — pleadings — complaint states facts sufficient to constitute cause of action for libel — allegations comply with Rules of Civil Practice, rule 96.**

The plaintiff is engaged in dealing in and selling real property in Florida. It opened a development there and established a town site and operated an experimental farm for the purpose of raising vegetables and citrus fruits. The plaintiff issued stock and sold it and part of its real property to many people in the United States, but its customers were chiefly Slovak. The defendant publishes a paper in the Slovak language which is circulated largely among members of the miners' union. The complaint alleges that the defendant published in its paper several articles attacking the plaintiff and charging it with fraud and other reprehensible conduct, stating that said charges were wholly false and untrue and were directed against the plaintiff and that as a result thereof plaintiff's good name and reputation as a dealer in real property have been destroyed. The contention of the defendant that the complaint does not show that the alleged libel was directed against the plaintiff cannot be sustained, for it clearly appears from a reading of the alleged libelous statements that the plaintiff's integrity, credit and honesty were directly attacked.

Furthermore, the allegations in the complaint meet all the requirements of rule 96 of the Rules of Civil Practice, which provides that in an action to recover damages for libel it is not necessary to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but that the plaintiff may allege, in general terms, that such matter was published or spoken concerning it.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 26th day of August, 1927, and also from an order entered on the 3d day of August, 1927.

*Jerome Steiner* of counsel [*Petersen, Steiner & Kohan,* attorneys], for the appellant.

*Francis X. Wazeter,* for the respondents.

Merrell, J. The action was brought to recover damages alleged to have been sustained by plaintiff by reason of the libelous publication by the defendants in a newspaper known as *Slovak V Amerike,* published in the Slovak language by the defendant Slovak Press, Inc., in the city of New York, and having a large circulation throughout the States of New York, New Jersey, Pennsylvania and elsewhere. Plaintiff was engaged in dealing in and selling real property and owned in fee simple 24,000 acres of land situate in the counties

of Hernando and Pasco, in the State of Florida. Plaintiff devoted a portion of its said Florida lands in Hernando county for the purpose of establishing a town site called " Masaryktown," where the plaintiff had laid out streets and highways, and maintained and operated an experimental farm for the purpose of raising vegetables and citrus fruits. Plaintiff had issued stock and sold the same and part of its said real property to various persons in the United States, the customers for plaintiff's stock and lands being chiefly Slovak. In plaintiff's complaint it is alleged that the defendant Slovak Press, Inc., was and still is a domestic corporation, organized under the laws of the State of New York, and was the proprietor and publisher of the said newspaper; that the newspaper's circulation was mainly among Slovaks and those of Slovak origin and was circulated largely among the members of the miners' union and soft coal miners. Plaintiff further alleges that at the times in the complaint mentioned the plaintiff had entered into agreements with some of its stockholders and owners of real property sold to them by plaintiff to plant and maintain citrus trees thereon, and that pursuant to such agreement the holders of said real property had planted and were maintaining citrus trees on portions of said real property. Plaintiff further alleges that at all the times mentioned in the complaint the plaintiff had established credit and a good name and reputation and high esteem for honesty, integrity and ability in the conduct of its said business and for its aforesaid real property, and in the carrying out of its obligations and agreements, in the United States of America, and particularly among Slovaks and those of Slovak origin in the States of New York, New Jersey, Pennsylvania and Florida; that the defendant Christopher L. Orbach, at all times mentioned in the complaint, was and still is the editor of said newspaper, and that the false, slanderous, libelous and defamatory matter set forth and alleged in plaintiff's complaint was wholly or partly composed, written and published in said newspaper by the said defendant Christopher L. Orbach and with his knowledge and consent and under his direction and authority. Plaintiff then alleges, in the 23d paragraph of the complaint, as follows:

" *Twenty-third.* That the defendants, contriving and wrongfully and maliciously intending to injure, defame and destroy the good name and reputation of the plaintiff as a dealer in the sale of real property, and to injure plaintiff in its aforesaid business and its business reputation, to deprive the plaintiff of its gains and profits which it had received and would receive for the sale and development of its aforesaid real property, and to prevent the sale of its real property, shares of stock and the development of its real

property, to impair or destroy its credit and depreciate the value of its real property and assets, and bring about the failure of its business, did, on or about the 18th day of February, 1926, wrongfully, maliciously and wickedly, compose and publish of and concerning the plaintiff, in said newspaper called Slovak V Amerike, the false, slanderous, libelous and defamatory matter in the Slovak language set forth in Exhibit A attached hereto and made a part hereof, with the same force and effect as though herein set forth in full, and the following is a full, true and accurate translation thereof into the English language, to wit: "

Then follows a translation of the article appearing in said paper on or about February 18, 1926. Said article described, among other things, how, more than thirty years before, certain people " were betraying the strikers in Connellsville and Uniontown " and that these strikebreakers took money of the Slovak workmen which they used for destroying the poor " Slovak American " and the poor organized miners. The actions of " their successors " against the " Miners' Union " were then detailed in the article. The article then follows with the statement: " Such damned public betraying of labor is also proof, that also in their colony, organized by them in Florida, everything is founded upon sand, on swindle, on fraud. We are convinced, that if their schemes in their Florida colony were really successful, in case the bastards and strikebreakers would not have sold themselves to the coal capitalists, they would not dare so publicly to commit treason against the miners."

Then follow two other articles published in the same newspaper of a highly inflammatory nature, and in the 24th paragraph of plaintiff's complaint it is alleged: " That the false, slanderous, libelous and defamatory matter hereinbefore set forth was one of a number of similar articles published and composed by the defendants in said newspaper Slovak V Amerike in reference to plaintiff, its said business, and its said real estate in Florida, * * *."

Plaintiff then alleges that the said articles and libelous and defamatory matter refer to the plaintiff and its said business and real estate in Florida and were published of and concerning the plaintiff, and that matters stated in said publication were wholly false and untrue and that by means thereof the plaintiff was brought into great public scandal, infamy and disgrace, and was greatly injured in its aforesaid business, reputation, name, credit and property, to its pecuniary damage. Then follow in said complaint the second, third, fourth, fifth, sixth, seventh and eighth causes of action, all based upon similar slanderous and libelous utterances alleged as to each to have been written and published by the

defendants; that the defendants, contriving and wrongfully and maliciously intending to injure, defame and destroy the good name and reputation of the plaintiff as a dealer in the sale of real property, and to injure plaintiff in its aforesaid business and its business reputation, to deprive the plaintiff of its gains and profits which it had received and would receive for the sale and development of its aforesaid real property, and to prevent the sale of its real property, shares of stock and the development of its real property, to impair or destroy its credit and depreciate the value of its real property and assets, and bring about the failure of its business, the said defendants did, on or about various dates mentioned in the several causes of action, wrongfully, maliciously and wickedly compose and publish of and concerning the plaintiff in said newspaper the alleged false, slanderous, libelous and defamatory matter in the Slovak language in each cause of action set forth. The libelous matter set forth in the fourth, fifth, sixth and seventh causes of action is by way of open letters addressed to residents of Masaryktown, Fla., who had purchased land and who were there engaged in agriculture.

The defendants' motion to dismiss the complaint for insufficiency was granted at Special Term. No opinion was written by the justice presiding thereat. The main contention of the respondents in an effort to uphold the order dismissing the complaint was that the various publications did not show that the alleged libel was directed against the plaintiff, and it may be assumed that such was the ground upon which the court at Special Term granted the defendants' motion. Throughout the brief of the respondents it is contended that the complaint does not show the publication of libel of and concerning the plaintiff, Hernando Plantation Company. We think the complaint clearly shows that the libelous articles were, in fact, directed against the plaintiff. No one in reading said articles can doubt that the plaintiff's integrity, credit, honesty and standing were attacked by the articles in question. While in extremely violent and at times filthy language certain individuals are attacked in the articles, the articles all seem to be aimed at the plaintiff as the promoter of the Masaryktown project.

The fifth cause of action in plaintiff's complaint is based upon a letter published in said newspaper purporting to be addressed to ." Mr. Jan Galbavy and all others in Masaryktown, Florida." The letter commences: " You know best your awful and unlucky conditions and therefore we are turning to you so that, through the medium of the ' Daily Slovak American ' you would inform the public, as to what is your judgment, that the brushers Hernando

Plantation Company, Inc., still even now are offering to the Slovak public 20 acres of land, ' lots ' in Masaryktown and shares at $2500? What do you say about this? Surely even you must know about this, that the brushers left out into the world a rumor that they bought 14,000 acres of land for $500,000 and that now from that they have sold the smaller half, that is 7200 acres of land for the stupendous amount of $600,000. If that should be the truth, in that case you would have become at one stroke millionaires and the brushers to you would have to Pay Out your Dividends and your portion in this stupendous gain. But instead of this, the brushers have proclaimed ' a Celebration ' and are exhorting the public so that people would give to them money anew at $2500 for shares, etc.? What is your opinion of this? What is being said about this there where you are? Do not remain silent, do not deny the truth; for thereby you will cause a dangerous wrong to others and you it will help nothing. The Slovak public is waiting for your reply; for the Truth, of what is taking place in that Masaryktown."

In the sixth cause of action another letter is addressed to " Mr. Jan Galbavy and all others in Masaryktown, Florida," and is made up of an attack upon Masaryktown and its residents and particularly as to the " crops " there, and referring to a man by the name of Joscak, who at several places in the article is referred to as " a bastard " and other opprobrious names, the letter continues: " In fact just now Joscak is proclaiming, that the Hernando Plantation Company, Inc., has made a clear gain of $600,000, yet even more, but he is not giving Dividends to you or to other ' lucky shareholders.' " Then follows a statement that Joscak, presumably acting for the plaintiff, is engaged in swindling the shareholders of the plaintiff's stock.

The seventh cause of action is based upon an alleged letter written to " Mrs. Marie Wolarik-Bradac, Brooksville, Florida," and this letter, as were the others, is a diatribe upon Masaryktown and the " scoundrels," " slanderers " and others responsible for its existence. This letter contains this:

" You write that Moravsky is a drunkard; that is not my business, neither has that anything to do with the fact that nothing can grow in Masaryktown.

" You write that if the pitiful settlers in Masaryktown could have a cow, they would have manure and then it would be better? Well, if a little cow will save them, they are indeed in a unavertable disaster already! And who will care for the little cows? What will they feed on, and how much would that cost?

" To be sure, they write us even more; that the Hernando

Plantation Company has no deed whatever — only ' option ' or is it a contract; and it can easily happen that every one will lose everything what he has put in there, if he does not sell quickly! They also write us this, that people have become blind for months from that white sand.   Well, so it is."

This letter is signed by the initials, " L. C. O."

It is difficult to see how the defendants can successfully maintain that the said libelous matter was not uttered of and concerning the plaintiff.

Furthermore, the allegation of the complaint meets all the requirements of rule 96 of the Rules of Civil Practice which provides as to pleading in libel and slander actions that it is not necessary to state in the complaint any extrinsic fact for the purpose of showing the application to the plaintiff of the defamatory matter, but the plaintiff may state in general terms that such matter was published or spoken concerning him.   Rule 96 takes the place of section 535 of the Code of Civil Procedure.   In *Van Heusen* v. *Argenteau* (194 N. Y. 309) the Court of Appeals passed upon a similar question raised in that action.   Chief Judge CULLEN, writing for the Court of Appeals, said (at p. 312): " If the letter is libelous on its face, then, under the Code of Civil Procedure, it was sufficient for the plaintiff in her declaration to allege that it was published of and concerning her (§ 535).   Should this allegation be put in issue, then she would be bound to prove the extrinsic facts showing the application of the libel to her, but she was not bound to allege such facts in her pleading."   To the same effect is the case of *Nunnally* v. *Tribune Assn.* (111 App. Div. 485, 487; affd., 186 N. Y. 533).   There can be no question that the matter published by the defendants was libelous *per se*, and being so it was sufficient for the plaintiff to allege that it was written and published by the defendants of and concerning the plaintiff.   The libelous matter went directly to the credit and standing of the plaintiff and may well have been of great injury to the plaintiff's business in the disposition of its land and in the sale of its stock.   Words written of one in relation to his business or occupation having a tendency to hurt him or calculated to prejudice him in the public eye are actionable, even though there be no charge of fraud or dishonesty. But here the published articles were replete with charges accusing the plaintiff and its promoters with dishonesty and fraud.

In our opinion the Special Term improperly dismissed the plaintiff's complaint for insufficiency.   The complaint contains all the allegations required to state a complete cause of action against the defendants.

The judgment and order appealed from should be reversed,

with costs, and defendants' motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days upon payment of said costs.

Dowling, P. J., Finch, McAvoy and Proskauer, JJ., concur.

Judgment and order reversed, with costs, and defendants' motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.