Lew Brown and Another, Plaintiffs, *v.* New York Evening Journal, Inc., and Another, Defendants.†

Supreme Court, New York County, February 12, 1932.

* Vetoed by Governor.     * Affd., 235 App. Div. 840.

*Jacob I. Berman* and *Abraham L. Berman,* for the plaintiffs.

*Charles Henry* and *Charles C. Smith,* for the defendants.

McCook, J. Motion to dismiss a libel complaint based upon the following written matter, alleged to have been published in a newspaper column entitled, " The Voice of Broadway: " " A girl who signs herself simply ' Mazie,' insists ' I suppose you have heard the song called " My Song," the one Rudy Vallee sings in the Scandals, I don't think you know that it was written by an eighteen-year-old high school boy who lives here in Clifton, N. J. His name is Jack Fina. After he composed the song he sold it for $200, thinking it would never be popular. You can imagine how he feels now.' " Plaintiffs are well-known authors and writers of lyrics and composers of music. Together they wrote and composed the entire score, words and music in the play known as George White's Scandals, one of the songs being entitled " My Song," and sung by Rudy Vallee, a star in the cast. The names of plaintiffs appeared prominently in the programs as sole authors and composers of the musical compositions used in the play, and were elsewhere widely advertised as such, so that persons reading the article complained of would know it referred to them. These are the facts alleged in the complaint, which proceeds to assert that the article intended to convey the meaning that " My Song " was an original composition, not of plaintiffs, but of an eighteen-year-old high school boy, and that plaintiffs were inefficient, dishonest and lacking in professional ability. No special damage is alleged, and defendants attack the complaint on the ground that the matter set forth is not libelous *per se,* and, in the absence of an allegation of special damage, must be dismissed. In *Ben-Oliel* v. *Press Pub. Co.* (251 N. Y. 250, 255, 256), Judge Crane wrote: " The law of libel is very simple, and, briefly, is this: ' " Whatever words have a tendency to hurt, or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable." When proved to have been spoken in relation thereto, the action is supported, and unless the defendant shows a lawful excuse, the plaintiff is entitled to recover without allegation or proof of special damage, because both the falsity of the words and resulting damage are presumed.' " (See *Sullivan* v. *Daily Mirror, Inc.,* 232 App. Div. 507; *Shubert* v. *Variety, Inc.,* 128 Misc. 428; affd., 221 App. Div. 856.)

The writing complained of is libelous *per se* under the doctrine of the cases just cited. It has been held libelous to accuse an author of plagiarism. (*Joynt* v. *Cycle Trade Pub. Co.,* L. R. [1904] 2 K. B.

292, 297.) The privilege of criticising plays or books is not broad enough to cover false remarks attacking the character or professional integrity of the author. (Odgers Libel & Slander [6th ed.], pp. 176–178; Newell Slander and Libel [4th ed.], pp. 547–551.) The sufficiency of the complaint is challenged here. We are not concerned with proof. Every fact alleged by plaintiffs must be taken as true, and every favorable inference must be conceded to their pleading. The article is clearly capable of the construction that plaintiffs were attempting to palm off on the public a song the sole authorship of which they claimed, when in fact they had not written it. This is a charge of unfair business practice, deceit and lack of professional ability, and would be so understood by readers familiar with plays and song writing. (*Sullivan* v. *Daily Mirror, Inc., supra,* 510.) That the libelous matter did not specifically mention plaintiffs by name is unimportant if the complaint shows that it referred to plaintiffs and would be so understood by readers. (*Hernando Plantation Co.* v. *Slovak Press, Inc.,* 223 App. Div. 286, 289.)

The motion to dismiss the complaint is denied, with ten dollars costs.