KATHRYN KUHN, Plaintiff, *v.* FRANK VELOZ and YOLANDA VELOZ, Defendants.

Supreme Court, Special Term, New York County, April 22, 1937.

*Goldberg & Goldberg,* for the plaintiff.

*Stahl & Updike* [*Stuart N. Updike* and *James W. Rodgers* of counsel], for the defendants.

COTILLO, J. The article claimed to be libelous *per se* stated, among other things, that the defendant Yolanda Veloz designed some of the gowns worn by her, known as " Liquid Silver " and " Midnight Sky." The plaintiff alleges that this statement was untrue and that in fact it was she, the plaintiff, who designed said gowns and that she had established a wide reputation among dance teams, theatrical performers and others as the designer and creator of the gowns worn by Yolanda Veloz, including " Liquid Silver " and " Midnight Sky." The article complained of, in effect, charged the plaintiff with having falsely represented herself

as the designer of said gowns and that the plaintiff was injured in her business and profession as the result of the publication of the article. In the court's opinion, the article, read in the light of the extrinsic facts set forth in the complaint, was calculated to injure the plaintiff in her trade and business. As the Court of Appeals said in *Ben-Oleil* v. *Press Publishing Co.* (251 N. Y. 250, at pp. 255, 256). " ' Whatever words have a tendency to hurt, or are calculated to prejudice a man who seeks his livelihood by any trade or business, are actionable.' When proved to have been spoken in relation thereto, the action is supported, and unless the defendant shows a lawful excuse, the plaintiff is entitled to recover without allegation or proof of special damage."

The defendants contend, however, that where an article becomes libelous only by reason of extrinsic facts, a complaint to be sufficient must allege special damages in addition to the extrinsic facts. Although there are authorities supporting this contention, they apparently do not represent the law today and have been disregarded in the latest decisions of our appellate courts. (See Seelman on Law of Libel and Slander in State of New York, ¶¶ 30 to 58, inclusive; *Sydney* v. *MacFadden Newspaper Pub. Corp.*, 242 N. Y. 208; *Braun* v. *Armour & Co.*, 254 id. 514; *Smith* v. *Smith*, 236 id. 581; *Brown* v. *New York Evening Journal, Inc.*, 143 Misc. 199; affd., 235 App. Div. 840.) In the last cited case a complaint was upheld as sufficient, despite the absence of allegations of special damage, although the article complained of was not defamatory on its face, but became so only by reason of allegations of extrinsic facts, namely, that the plaintiffs were reputed to be the sole authors and composers of the music in question. Examination of the record on appeal reveals that the attorney for the defendant-appellant argued that it was necessary to allege special damages where the libelous nature of an article depended upon extrinsic facts. In upholding the sufficiency of the complaint, the Appellate Division must be deemed to have overruled this contention.

The claim that the plaintiff failed to set forth the defamatory words used by the defendants is untenable for the action is based on the publication of the written article which is made part of the complaint and not upon the words used in the interview which led to the article. The interview appears to be referred to solely for the purpose of supporting the allegation that the defendants, Yolanda Veloz and Frank Veloz, caused the publication of the article.

The motion to dismiss the complaint for insuff.ciency is accordingly denied, with leave to answer within twenty days after service of a copy of this order with notice of entry.