KATHRYN KUHN, Respondent, *v.* FRANK VELOZ and YOLANDA VELOZ, Appellants.*

First Department, November 19, 1937.

* Revg. 162 Misc. 948.

*Stuart N. Updike* of counsel [*James W. Rodgers* with him on the brief; *Stahl & Updike*, attorneys], for the appellants.

*Jacob Goldberg* of counsel [*Goldberg & Goldberg*, attorneys], for the respondent.

CALLAHAN, J. Where a plaintiff in an action for libel must rely on extrinsic facts in order to establish the libel, special damage must be pleaded. (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352.)

In the present complaint plaintiff sets forth extrinsic facts, but fails to allege special damage. Accordingly her complaint must be held insufficient, unless the article complained of is libelous *per se*.

The publication which is alleged to have been procured by defendants consists of a newspaper story in the nature of a " write-up " concerning the origin of gowns worn by defendant Yolanda Veloz, a theatrical performer. Plaintiff is mentioned several times in the article and her likeness is shown in two of the illustrations. She is variously referred to as the " modiste," " dressmaker " and " chief seamstress " for Yolanda Veloz. The article states that defendants designed many of the gowns described.

Plaintiff claims that these statements are false; that in fact she is a well-known creator and designer of gowns and that she designed all of the gowns referred to in the article. She contends that the publication injures her in her occupation. But the article does not speak of plaintiff with respect to her occupation generally. It refers to her solely in connection with the source of a limited number of dresses. Assuming, therefore, that a general reference to a designer of dresses as a " chief seamstress " would sufficiently impute lack of skill, or be otherwise actionable, we have not such situation here. Without the extrinsic facts which plaintiff has pleaded, to wit, that she was a creator of gowns, specializing in theatrical costumes, and widely known in that line as the designer of Yolanda Veloz's gowns, damages would not be implied in law from the present publication. But with the extrinsic facts which plaintiff has stated, we think that she has sufficiently alleged that damage has actually occurred, and the article is actionable. The complaint, however, should aver what the damage was, so that it

may be determined whether it was the proximate consequence of the article. (*Reporters' Assn.* v. *Sun Printing & Publishing Assn.,* 186 N. Y. 437.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of the order to be entered hereon, upon payment of said costs.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of order upon payment of said costs.