PEGGY SWEET, Plaintiff, *v.* KEN, INC., and MARTIN PANZER, Defendants.

Supreme Court, Special Term, New York County, October 21, 1938.

*M. L. Karten,* for the plaintiff.

*C. C. Daniels,* for the defendants.

LAUER, J. This is a motion made by the defendant Ken, Inc., to dismiss the complaint upon the ground that the same does not set forth facts sufficient to constitute a cause of action, and, failing that, to strike from the complaint all of paragraph 12 thereof upon the ground that the matter therein contained is irrelevant, unnecessary and redundant.

The action is brought by the plaintiff to recover damages for the publication by the defendant Ken, Inc., of an article written by the defendant Martin Panzer which allegedly libeled the plaintiff. The action is based on an article published by the defendant Ken, Inc., in an issue of its magazine *Ken*. The title of the article is " Desk Room, Dollar A Month Up," and it deals with the busi- of subletting of space or desk room by tenants in office buildings to sublessees. The article itself discusses the methods of business practiced by those who occupy desk room as well as those who rent the space. Over the headline of the article is printed what are evidently intended to be clippings of advertisements for desk room and included in such reproductions is an advertisement mentioning the room number and address of the plaintiff herein.

Plaintiff alleges that she has been for a number of years engaged in the business of a public stenographer and a renter of office facili- ties and desk space in the city of New York, and maintains an office for the transaction of that business at the address set forth in the reproduced clipping. It is her contention that the publi- cation of the article has held the plaintiff up to hatred, contempt, ridicule and obloquy, and that it is libelous *per se.*

A careful examination of the allegedly libelous article evidences the fact that the article concerns itself for the most part with a discussion of the sharp practices of many of the people who conduct their business through the medium of desk room or desk space. It appears from the article, as set forth in the complaint by way of innuendo, that some lessors of desk space connive with their lessees in creating a problem which is opposed to the best of public interests.

The complaint, however, fails to set forth any claim of special damages and is not based upon a libel to the plaintiff's business. The libel alleged is one against the plaintiff as an individual and since no special damages to the plaintiff's business are alleged, it is necessary to determine whether any statement in the pub- lished article is libelous *per se.* One paragraph of the article is to the following effect: " Many of the sellers of desk room are themselves on the alert for a successful idea. They have first crack at the mail that comes in and if one tenant's mail is particularly heavy or rich in coins, they lose no time in finding out why. They have nothing to lose but the good will of the desk room tenant and that has so little cash value that they don't worry about it. Once they learn the technique of the racket, provided it isn't too shady, there are two similar concerns operating from the same address until the originator catches on."

From this paragraph it would appear that "Many" of the sellers of desk room are engaged in rackets. To state that a person is engaged in a racket places one in a position which holds him up to hatred and contempt and, I believe, is libelous *per se.* The question which presents itself is whether or not this statement is made of and concerning the plaintiff. "An action for defamation lies only in case the defendant has published the matter ' of and concerning the plaintiff.' (*Corrigan* v. *Bobbs-Merrill Co.*, 228 N. Y. 58, 64.) " (*Gross* v. *Cantor*, 270 N. Y. 93, 96.) As was said in *Gross* v. *Cantor* (270 N. Y. at p. 96): " an impersonable reproach of an indeterminate class is not actionable. (*Eastwood* v. *Holmes*, 1 F. & F. 347.) ' But if the words may by any reasonable application, import a charge against several individuals, under some general description or general name, the plaintiff has the right to go on to trial, and it is for the jury to decide, whether the charge has the personal application averred by the plaintiff.' (*Ryckman* v. *Delavan*, 25 Wend. 186, 202. So, *Weston* v. *Commercial Advertiser Assn.*, 184 N. Y. 479; *International Text-Book Co.* v. *Leader Printing Co.*, 189 Fed. Rep. 86; *Wakley* v. *Healey*, 7 C. B. 591. Cf. *LeFanu* v. *Malcomson*, 1 H. L. Cas. 637.) "

It would appear, therefore, that this is a proper case where the plaintiff has the right to go to trial and have a jury determine whether the libel has an application to the plaintiff. It should be for the jury to determine whether or not the paragraph set forth *supra* refers to an indeterminate class or to those whose names and/or addresses were published by the reproduction of the newspaper clippings.

An examination of paragraph 12 of the complaint which is sought to be stricken indicates that subdivisions (e) and (f) thereof are proper as pointing to the plaintiff as a particular person to whom the alleged libelous words in fact related. Subdivisions (a), (b), (c) and (d), however, set forth innuendoes unconnected with any words in the article libelous *per se.* If an innuendo is necessary to show the defamatory character of the language used, special damages must be pleaded. (*O'Connell* v. *Press Publishing Co.*, 214 N. Y. 352; *Kuhn* v. *Veloz*, 252 App. Div. 515, 516.) Since the plaintiff has failed to allege special damages, the pleading of an innuendo by these subdivisions is improper and they should be stricken out.

Motion to dismiss the complaint is denied, with the exceptions that subdivisions (a), (b), (c) and (d) of paragraph 12 are stricken from the complaint.