GOLDEN BUDDHA, INC., et al., Plaintiffs, *v.* NEW YORK TIMES COMPANY et al., Defendants.

Supreme Court, Trial Term, New York County, November 8, 1943.

*Gordon S. P. Kleeberg* for plaintiff.

*Emil Goldmark* and *Edgar M. Souza* for New York Times Company, defendant.

*Irvin Husin* and *Samuel Miller* for Aetna Advertising Company and another, defendants.

MILLER, J. The plaintiffs bring this action against the New York Times Company because of the publication by it at the

request of the other defendants of the following advertisement: " Special Announcement — Ruby Foo's wishes to inform its patrons and the public that it has never been connected in any way with Ruby Foo's Town and Country Beach Club at Atlantic Beach, L. I. Our *only* restaurants in Greater New York: The Den, 240 W. 52nd St., CO 5–0705. East Side, 161 E. 54th St., PL 5–2437. Our 2 restaurants are world famous for serving the finest in Chinese foods. Refined atmosphere."

The plaintiffs claim that " by the said article the defendants meant and intended and were understood to mean that the plaintiffs had deliberately engaged in and were guilty of fraudulent trade practices and pretenses and of bad taste, that plaintiffs had no right to use the name Ruby Foo as they had as aforementioned, and that their said enterprises were spurious and encroachments upon unconsenting others."

The advertisement must be taken as a whole and considered in its ordinary meaning in order to determine whether it is actionable *per se* or even defamatory. " It was not in and of itself libelous unless the language as a whole, considered in its ordinary meaning, naturally and proximately was so injurious to the plaintiff that the court will presume, without any proof, that his [its] reputation or credit has been thereby impaired " (*O'Connell* v. *Press Pub. Co.,* 214 N. Y. 352, 358). The advertisement, when fairly read, does not in fact charge the plaintiffs with the things set forth in the innuendo; nor can its meaning be extended by the innuendo to make it constitute a charge of the things set forth in the innuendo.

The question here limits itself to the words actually used. No special damages have been alleged, nor do the plaintiffs claim that the publication of the advertisement produced special damage.

The advertisement is not on its face disparaging, nor is it ambiguous and reasonably susceptible of the meaning read into it by the plaintiffs. It contains no explicit charge of any unfair business practices, nor can it reasonably be said that an unwary public could draw such an inference or that they could reasonably imply that the plaintiffs were impostors or that they had no right to use the name " Ruby Foo " and were imposing upon the public when they operated a restaurant under that name.

" Where a plaintiff in an action for libel must rely on extrinsic facts in order to establish the libel, special damage must be pleaded " (*Kuhn* v. *Veloz,* 252 App. Div. 515).

*Gale* v. *Ryan* (263 App. Div. 76), cited by plaintiffs, is not applicable. There it was held that an action will lie for a written falsehood where it is calculated in the ordinary course of things to produce, and where it does produce, actual damage. Here damage will not be implied in law from the present publication, and the plaintiffs have not alleged and do not claim any damage which was the proximate consequence of the article.

The motion of the defendants for a direction of a verdict in favor of the defendants dismissing the complaint on the merits is granted. Exception to plaintiffs.