Armand Denis et al., Respondents, v. R. J. Reynolds Tobacco Company et al., Appellants.

First Department, November 13, 1951.

*Gerald J. Dunworth* of counsel (*Walter R. Barry* with him on the brief; *Coudert Brothers,* attorneys), for R. J. Reynolds Tobacco Company and New York News Syndicate Co. Inc., Appellants.

*A. Walter Socolow* for Lewis Cotlow, appellant.

*Harold J. Sherman* of counsel (*Fitelson and Mayers,* attorneys), for respondents.

COHN, J.  This suit is grounded upon the printed matter contained in a full page advertisement of a brand of cigarettes

manufactured by defendant, R. J. Reynolds Tobacco Company, in a newspaper published by defendant New York News Syndicate Co. Inc. The advertisement referred to defendant Lewis Cotlow as a famed explorer and depicted him in certain African scenes, wherein it is stated that Cotlow witnessed and took motion pictures of these unusual sights.

The first cause of action which is against all defendants alleges that about five years ago plaintiff Armand Denis Productions, Inc., made a feature motion picture '' Savage Splendor '' portraying wild animal life in Africa and exciting episodes of perilous adventure in connection with the photographing of the wild life. In the motion picture, plaintiff Armand Denis was shown as the hero who supervised, directed and actually photographed the perilous adventures.

It is claimed that by reason of the personal appearance of plaintiff, Armand Denis, in the motion picture he became identified in the minds of the general public as an authentic and outstanding explorer and photographer of motion pictures featuring African wild life. It is further alleged that by publication of the advertisement by defendants there was intentionally conveyed to the public the false impression that defendant Cotlow was the actual hero of the perilous episodes featured in '' Savage Splendor '' and that plaintiff Armand Denis was just a fraud and was not entitled to the credit for his ostensible activities in the motion picture.

The Special Term held that the first cause of action was sufficient under the authority of *Advance Music Corp.* v. *American Tobacco Co.* (296 N. Y. 79). In our opinion the doctrine announced by the Court of Appeals in that case is not applicable to the facts pleaded in the complaint under attack here.

A facsimile of the advertisement has been made a part of plaintiffs' complaint. Nowhere does there appear therein the slightest reference to either of plaintiffs or to the motion picture '' Savage Splendor ''. No charge is made by plaintiffs that defendant Cotlow did not have the experience suggested in the advertisement or that plaintiff Armand Denis is the only person who could have accomplished the feats of photography portrayed therein. Cotlow, a photographer, according to the complaint, was engaged as a subordinate in connection with photographing of various scenes in Africa contained in the film '' Savage Splendor '', but neither in the advertisement upon which the complaint is based nor in the innuendoes which are set forth, is there any allegation that the corporate defendants made any investigation concerning the

authenticity of the facts alleged therein, or that they had any knowledge of the existence of plaintiffs or the motion picture in question.

Giving to the allegations of the complaint their most liberal interpretation there could be no intentional infliction of wrongful injury to plaintiffs by the two corporate defendants. They made no representations as to the skill of Cotlow as compared to the individual plaintiff or other photographers, nor did either of the corporate defendants state that the scenes depicted were authentic shots from the motion picture " Savage Splendor ". As we view it, the advertisement complained of is not reasonably susceptible of the meaning read into it by plaintiffs, nor can its meaning be extended by innuendoes to make it constitute a charge of the matters set forth therein. (*Golden Buddha, Inc.,* v. *New York Times Co.,* 182 Misc. 579, affd. 267 App. Div. 903.)

The article does not impute the moral turpitude of plaintiffs, nor does it charge them with any unfitness or lack of integrity in the performance of their business or profession for it makes no reference to them directly or indirectly.

There appears to be a sufficient allegation of fact to sustain a cause of action for damages for breach of contract by Cotlow in the second cause of action. In view of the fact that as to Cotlow one cause of action is sufficiently pleaded, the motion to dismiss the complaint made by defendant Cotlow was properly denied.

The order denying the motion of defendants R. J. Reynolds Tobacco Company and New York News Syndicate Co. Inc., to dismiss the complaint as to them for insufficiency should be reversed, with $20 costs and disbursements to said appellants, and the motion granted, and judgment is directed to be entered dismissing the complaint herein as to them. The order denying the motion of defendant, Cotlow, should be affirmed without costs.

Dore, J. P. (dissenting in part). On this motion to dismiss for legal insufficiency on the face of the complaint, all facts alleged and all reasonable inferences are admitted and the complaint should be liberally construed. Reading, in the light of that rule, all the facts alleged in the first cause of action, I think that cause of action is sufficient against all defendants as alleging a defamatory publication giving to the public the grossly false impression that defendant Cotlow was the actual hero of the perilous incidents depicted in the motion picture " Savage Splendor " and by necessary inference that plaintiff

Denis, who had publicly claimed for himself these heroic exploits, was an impostor and a fraud.

Accordingly, I dissent in part and vote to affirm in all respects both orders.

On first appeal: CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur with COHN, J.; DORE, J. P., dissents and votes to affirm, in opinion.

Order denying the motion of R. J. Reynolds Tobacco Company and New York News Syndicate Co. Inc., to dismiss the complaint as to them for insufficiency, reversed, with $20 costs and disbursements to the appellants, the motion granted, and judgment is directed to be entered dismissing the complaint herein as to them, with costs.

On second appeal: DORE, J. P., CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur with COHN, J.

Order unanimously affirmed.