William C. Hecht, Jr., J.
This is a motion to dismiss a complaint in a libel action for alleged failure to state a good cause of action.
The article complained of does not mention plaintiff. It does no more than credit the authorship of a successful advertising slogan to one Williams. Plaintiff alleges, however, that she was, in fact, the author of the slogan. She asserts that the article was understood to mean that she was not the author of the slogan and lacked the creative ability to be the originator thereof. The innuendo as to plaintiff’s lack of creative ability is wholly unjustified by anything contained in the article. At most, the article is susceptible of being construed, by those who knew that plaintiff created the slogan, as stating that someone else was the creator. This would not defame plaintiff nor does it charge her with incompetence in her profession or business as a copywriter and consultant. If the article is actionable at all, it is so only by reason of plaintiff’s averment that she had represented to members of the advertising profession that she was the author of the slogan, so that her veracity had been impugned.
It is thus clear that without extrinsic evidence that plaintiff had made representations that she was the creator of the slogan, the article does not defame plaintiff. Where an article, harmless on its face, requires extrinsic evidence to show that it could be understood as defaming the plaintiff, the latter must allege special damages in order to state a good cause of action (O’Connell v. Press Pub. Co., 214 N. Y. 352). No special damage is pleaded in the present complaint.
Plaintiff relies on a number of cases in which articles were held libelous per se although they became defamatory only if the readers knew that the plaintiff was a married woman (Sydney v. MacFadden Newspaper Pub. Corp., 242 N. Y. 208), or that plaintiff had been married to defendant (Smith v. Smith, 236 N. Y. 581), or that plaintiff dealt in kosher products exclusively (Braun v. Armour & Co., 254 N. Y. 514). Although these cases have made inroads upon the rule of the O’Connell case (supra) they have not abolished it. Thus, in various cases decided subsequent to the decisions above referred to, the O’Connell rule has been reaffirmed. In Kuhn v. Veloz (252 *431 App. Div. 515 [1st Dept.]) an article which stated that defendant, Yolanda Veloz, had designed some of the gowns therein described was held not to be libelous per se, although plaintiff was mentioned several times in the article' and her likeness shown. The court held that her allegation that she was the actual designer of all the gowns described in the article was an allegation of extrinsic facts and that special damages had, therefore, to be pleaded in order to make the article actionable. The lower court, which was reversed, had relied upon the cases cited by plaintiff for its holding that the rule of the O’Connell case (supra) was no longer in effect. The reversal is authority to the contrary. In the later case of Frawley Chem. Corp. v. Larson Co. (274 App. Div. 643), the Appellate Division, in an opinion by Mr. Justice Van Voobhis (now a Judge in the Court of Appeals) declared (p. 644) that if extrinsic evidence is necessary to show that an article is defamatory, special damages must be alleged. In Kleeberg v. Sipser (265 N. Y. 87) the Court of Appeals held an article to be libelous without proof of special damages only because (p. 92) “inferences to be drawn by a jury from these publications do not depend upon extrinsic facts alleged in the complaint It may be that the article drew with it the fact that plaintiff was an advertising copywriter and consultant just as the article in the Sydney case (supra) drew with it the fact that the plaintiff there was a married woman. The article here involved did not, however, draw with it the claimed fact that plaintiff had represented herself as the originator of the slogan, without which the article was not defamatory of her.
The only case cited by plaintiff which is apparently contrary to the view herein expressed is Brown v. New York Evening Journal (143 Misc. 199, affd. without opinion 235 App. Div. 840). In view of the subsequent holding by the same Appellate Division in Kuhn v. Veloz (supra), the authority in the Brown case must yield to the decision made in the later case, in which the court wrote an opinion clearly inconsistent with the opinion of the Special Term in the Brown case.
The motion to dismiss is granted, with leave to serve an amended complaint within 10 days from the service of a copy of the order to be entered hereon, with notice of entry. Settle order.