LE DANS, LTD., Respondent, *v.* JOHN P. DALEY, Doing Business under the Name of BUREAU OF ETHICAL SECURITY, Appellant.

First Department, May 24, 1960.

*Jay Leo Rothschild* for appellant.

*Robert Goldstein* for respondent.

McNALLY, J.  In this libel action, the appeal is from an order sustaining the sufficiency of the second amended complaint. Appellant urges that the said pleading is insufficient on the ground, among others, that it fails to allege special damages.

Respondent is engaged in the business of rebottling colognes and similar products and selling the rebottled products to its customers for resale to the public in a gold encased flaconette at $1 a dram.  Affixed to respondent's product is a label setting forth that it is rebottled from the genuine product wholly independent of the manufacturer.  Respondent also alleges that it is the sole and only distributor of said product and was the local rebottler in New York County referred to in the publication complained of.

The defamatory matter complained of states that the offering at $1 a dram of respondent's product has been determined to be a consumer fraud by the Attorney-General of New York State and that the District Attorney of New York County is preparing charges against the local rebottlers because it is a crime to rebottle and sell registered trade-mark products.  It cannot be disputed that the publication complained of is libelous per se; it accuses the rebottler of the product of fraudulent business methods and, in addition, of the commission of a determined consumer fraud and of being the subject of criminal charges in preparation by the District Attorney of New York County. (*New York Soc. for Suppression of Vice* v. *Macfadden Pub.*, 260 N. Y. 167; *First Nat. Bank of Waverly* v. *Winters*, 255 N. Y. 47.)

Special damages need not be alleged if the accusation constitutes a libel per se.  If the publication is not libelous on its face and becomes so only by reference to extrinsic facts, then it is necessary to allege special damages to make out a cause of action.  (*Van Heusen* v. *Argenteau*, 194 N. Y. 309, 312–313.)

On the other hand, the pleading of extrinsic facts to establish that the libel was published of and concerning the respondent does not cast upon the respondent the obligation to plead or prove special damages. "If the letter is libelous on its face, then, under the Code of Civil Procedure [now Rules Civ. Prac., rule 96], it was sufficient for the plaintiff in her declaration to allege that it was published of and concerning her ". (*Van Heusen* v. *Argenteau, supra,* p. 312; *Gross* v. *Cantor,* 270 N. Y. 93; *Hernando Plantation Co.* v. *Slovak Press,* 223 App. Div. 286, 291.) In addition to alleging that the matter complained of was published concerning it, respondent alleges extrinsic facts which by reference to the internal content of the published matter tend to identify the respondent as the subject thereof. The extrinsic facts alleged do not detract from but rather serve to reinforce the legal effect of the allegation made in accordance with rule 96 of the Rules of Civil Procedure that the publication concerned the plaintiff. (*Hernando Plantation Co.* v. *Slovak Press, supra,* p. 291.)

*Drug Research Corp.* v. *Curtis Pub. Co.* (7 N Y 2d 435) relied on by appellant is not in point. There the publication related to the alleged deceptive business activities of the named distributor of the product involved. The article did not relate to the manufacturing process and did not name or identify the manufacturer. Consequently, the complaint of the manufacturer was held insufficient for failure to allege special damages. Here the article complained of is directed to the rebottler and the complaint sufficiently alleges that it applied to and was published concerning the respondent.

We conclude, therefore, that the pleading alleges matter libelous per se and does not require an allegation of special damages to sustain its sufficiency. We have considered the other assignments of error and find them to be without merit.

The order should be affirmed, with costs to the respondent.

BOTEIN, P. J., RABIN, M. M. FRANK and STEVENS, JJ., concur.

Order so far as appealed from unanimously affirmed, with $20 costs and disbursements to the respondent.