J. Egbert Lynch, J.
In this libel action, the defendant Farrar, Straus & Cudahy, Inc., moves for summary judgment. It has published a book entitled “Brotherhood of Evil: The Mafia”. The defendant Sondern wrote it, but though named, has not been served with process.
The mafia has been defined in the book as a combine of interwoven families, generations old, with an * ‘ uncodified ideology ’ ’ of organized lawbreaking. “It is a brotherhood of people trained in crime from their earliest years.” A mafioso (plural, mafiosi) is a member of the mafia. All agree that the word or words in a given setting lend themselves to libel.
In Chapter Nine, at page 166, the author purportedly records an extrajudicial statement of an unidentified Judge, “ The mafia has been in my courtroom hundreds of times. I know when it’s there. The faces, the attitudes, the bearing of the defendants are unmistakable. So are the tactics of their lawyers, these so-called attorneys-at-law who drag the traditions of the bar through the dirt for the money that the mafiosi pay.”
The author makes no dissent to this Judge’s opinion of attorneys for the mafiosi. He allows no exceptions nor grants any mitigation. Using the subleties of juxtaposition and innuendo, all references to attorneys in the book involve fractured or questionable ethics. At page 60 there is jury intimidation and bribery. Page 82 suggests that a competent lawyer is an integral part of any well-run criminal syndicate. On page 112 an attorney is described as occupying ‘1 a unique position of trust among New York’s racketeers In part III of Chapter Eleven an attorney, personally unsmirched, is nonetheless the *566 counsel for a defendant who was acquitted despite the author’s verdict of guilt. Page 226 links the 1 ‘ shrewd lawyer ’ ’ with “ legalistic ifs and huts ” to help the gangster. These are all of the references in the book to attorneys, save for the mention of some prosecuting officers and the plaintiff. They are cited only to show that taking the tenor of the book as a whole, as we must (Sydney v. McFadden Newspaper Pub. Corp., 242 N. Y. 208), the author concurs in the unnamed Judge’s opinion of attorneys for the mafiosi.
If there were nothing more here than the charge that attorneys for the mafiosi 11 drag the traditions of the bar through the dirt for the money” we could agree with the defendant’s contention that this is a libel of a large class not actionable for one who is not specifically named therein. The facts in the instant case cannot be so precisely categorized.
The plaintiff is named in the book. He is named as an attorney for a Rosario Mancuso (p. 232), who is identified as a mafioso (pp. 233, 234). The defendant contends that any connection between the naming of the plaintiff and the class libel is unintended, too remote for comprehension and tenuous beyond reason. It cites several cases. They do not support its contention.
In Gross v. Cantor (270 N. Y. 93) the charge was against the radio editors of the New York City newspapers. They were not named. The court held that, since the complaint alleged the class consisted of but 12 persons one of whom was the plaintiff, a jury ought to pass on the plaintiff’s position “ that the article was directed at him as an individual and did not miss the mark ” (p. 96). In the instant case the plaintiff is named.
Neiman-Marcus v. Lait (13 F. R. D. 311) holds that no unnamed member of a large class disparaged has a cause of action “ absent circumstances pointing to a particular plaintiff as the person defamed” (p. 316). Again, in the instant case the plaintiff was named.
In Drug Research Corp. v. Curtis Pub. Co. (7 N Y 2d 435) again the plaintiff was unnamed in the article.
In Oma v. Hillman Periodicals (281 App. Div. 240) a magazine article contained a defamatory charge against unnamed members of the boxing profession, mainly on the managerial and promotional level, The picture of the plaintiff, a professional boxer, was on the cover with a reference to the article inside. The complaint was dismissed because the tenor of the article specifically excepted fighters from the defamatory charge. In the instant case, no exceptions are expressed or suggested.
*567 Hays v. American Defense Soc. (252 N. Y. 266) presents another case where the complaint was insufficient because plaintiff, though named in the article, was not included in the defamation, since the article was expressly contrary to the supposed innuendo.
Defendant also cites Julian v. American Business Consultants (2 N Y 2d 1, 16). That case says that it “ and the Hays case (supra) are indistinguishable ’ \
The case here presents a disparagement of a large class. Perhaps not connected in a direct stream of narrative, but certainly included within the general subject matter of the book is the identification of the plaintiff. Whether he is identified as a member of the class, whether the circumstances which exist point to him as a person defamed, whether any connection is too remote or tenuous cannot be determined here as a matter of law. It is a question for the jury. (Morrison v. Smith, 177 N. Y. 366; Sweet v. Ken, Inc., 169 Misc. 407, affd. 256 App. Div. 1063.) The motion for summary judgment is denied. Submit order accordingly.