■ MARK GATZ, Appellant, v OTIS FORD, INC., Respondent. [691 NYS2d 113] —In an action, *inter alia*, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated June 18, 1998, as granted that branch of the defendant's motion which was for partial summary judg-

ment on the third counterclaim to recover damages for defamation on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's contention that partial summary judgment on the third counterclaim seeking damages for defamation was unwarranted because his statements and/or publications were true or constituted expressions of pure opinion is raised for the first time on appeal. Accordingly, this contention is unpreserved for appellate review (*see, Nelson v Times Sq. Stores Corp.*, 110 AD2d 691). In any event, this contention is without merit. The plaintiff admitted that no one at the defendant's repair shop ever promised him that only new parts would be installed in his car. Despite this fact, the plaintiff displayed signs and made statements that the defendant was dishonest, committed fraud, and "ripped off" the plaintiff by installing used parts in his car.

The Supreme Court properly determined that these statements and/or publications were defamatory per se because they accused the defendant of, and imputed to its business, fraud, dishonesty, misconduct, and unfitness (*see, Liberman v Gelstein*, 80 NY2d 429, 436; *Russo v Padovano*, 84 AD2d 925, 926; *Le Dans, Ltd. v Daley*, 10 AD2d 502, 503). In addition, by failing to indicate that there was never any promise to install new parts, and by leaving the impression with listeners and readers that such a promise was made, the plaintiff failed to demonstrate the defense of truth or the privilege of pure opinion (*see, Steinhilber v Alphonse*, 68 NY2d 283, 289, 293; *Russo v Padovano, supra*, at 926; *Le Dans, Ltd. v Daley, supra*, at 503).

The plaintiff's remaining contentions are not properly before this Court and, in any event, are without merit. O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.